Nicolosi, Appellant, v. Fittin.

Argued January 21, 1969. Before JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Bernard J. McLafferty*, with him *Huganir, Butera, Detweiler and Butera*, for appellant.

*William H. Kinkead, III*, with him *Wright, Spencer, Manning & Sagendorph*, for appellee.

OPINION BY MR. JUSTICE COHEN, April 23, 1969:

This is an action arising out of an automobile accident which occurred in Chester County. Suit was brought by plaintiff in Montgomery County and service of process on the defendant was attempted by serving the Secretary of the Commonwealth pursuant to the provisions of the Nonresident Motorists Act, November 10, 1959, P. L. 1459, §1, 75 P.S. §2001, reflected in Pa. R. C. P. 2077 and 2079. Defendant filed preliminary objections to jurisdiction of the person on the sole ground that Montgomery County was not the "cause of action" county and that service on the Secretary of the Commonwealth was therefore unauthorized.

*McCall v. Gates*, 354 Pa. 158, 47 A. 2d 211 (1946), clearly demonstrates that under Rule 2079, where an action in trespass arising out of a motor vehicle collision is instituted in a county other than the "cause of action" county, personal service must be obtained. Substituted service as provided for in the Rule is limited to actions instituted in the county in which the event giving rise to the action occurred. The lower court properly determined that due to the unique manner in which our Pennsylvania Rules of Civil Procedure are written, jurisdiction over defendant was not acquired since proper service had not been made.

Plaintiff, while conceding that jurisdiction over the person has not been acquired, seeks to have this action transferred to Chester County, the county in which the cause of action arose. First, he asserts this right under Rule 1006(e). But that Rule applies only if the defendant has successfully attacked the *venue* of the action. Here defendant made no attack on the venue but only on the jurisdiction of the person. Second, plaintiff asserts the right of transfer under Rule 1006(d). But that Rule only applies where the defendant has been validly served or voluntarily appears, and the court finds that the transfer is more convenient for *both* parties to the action or for the witnesses. In the absence of any valid service on the defendant, this action has not yet reached the stage where Rule 1006(d) can apply, no defendant having been brought into the litigation.

The lower court properly analyzed the nature of the preliminary objections which raised only a question of personam jurisdiction and not venue. However, while the lower court sustained the preliminary objection raising a question of jurisdiction, it went further and dismissed the action. It should not have so done. See, *Salay v. Braun*, 427 Pa. 480, 235 A. 2d 368 (1967). If

plaintiff can properly bring defendant on the record, the action may be pursued.[1]  Accordingly, we modify the lower court's order.

Order modified and as modified affirmed.

Mr. Justice ROBERTS concurs in the result.

_____

[1] The lower court opinion notes that defendant died after the commencement of the action but prior to the service of process. In this respect some additional points should be noted with regard to service on the Secretary of the Commonwealth were the action transferred to Chester County.

Prior to 1956, service upon a nonresident defendant could not be made through the Secretary of the Commonwealth if the defendant had died before he was served. See Goodrich-Amram §2077(a)-11 and cases cited. The legislature, in drafting the 1956 amendment to the Nonresident Motorists Act, 75 P.S. §2001(b) provided for only two contingencies. First, if the defendant dies before the plaintiff commences the action, service is to be made on the personal representative by service on the Secretary of the Commonwealth. Second, if the action has been commenced and the defendant has been served before his death, the personal representative is to be substituted as a defendant party in the pending action. But the legislature made no provision for the situation presented in this case, namely, where the action is commenced during the defendant's lifetime, but he dies before service is made upon him.

Accordingly, under the special facts of this case, a transfer to Chester County would be of no value to plaintiff.