611 A.2d 287

**Daniel J. INCOLLINGO and Sandra DePaul Incollingo, H/W and Natural Parents of Nicholas Incollingo, Deceased and Daniel J. Incollingo, Administrator of the Estate of Nicholas Incollingo, Deceased, Appellants,**

v.

**Daniel J. McCARRON, M.D. and William M. Kane, M.D. and Joseph I. McGuire, M.D. and Riddle Health Care Center I and Mercy Catholic Medical Center of Southeastern Pennsylvania and Cynthia Villasis, M.D. and Riddle Health Care Services.**

Superior Court of Pennsylvania.

Argued May 27, 1992.

Filed July 1, 1992.

420

Scott A. Bennett, Philadelphia, for appellants.

Timothy R. Lawn, Plymouth Meeting, for McCarron, Kane & McGuire, M.D., appellees.

William E. Rapp, Philadelphia, for Mercy Catholic Medical Center and Villasis, M.D., appellees.

Before CIRILLO, POPOVICH, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the order entered August 26, 1991 granting appellees, Mercy Catholic Medical Center of Southeastern Pennsylvania ("Mercy Catholic") and Cynthia Villasis' petition for transfer of venue, and denying appellants Daniel and Sandra Incollingo's petition for reconsideration. Appellants contend that the trial court abused its discretion in ordering a transfer of venue from Philadelphia County to Delaware County on the basis of *forum non conveniens*. For the following reasons, we affirm.

In March of 1990, appellants commenced two actions in Philadelphia County against the following defendants: Dr. Daniel J. McCarron, Dr. William M. Kane, Dr. Joseph I. Maguire, Dr. Cynthia Villasis, Riddle Health Care Center I, Riddle Health Care Services and Mercy Catholic.[1] The actions were consolidated for all purposes by order of the Honorable Samuel M. Lehrer, dated September 12, 1990.

Appellants seek recovery of damages pursuant to the Pennsylvania Wrongful Death and Survival Acts on account of the death of their infant son, Nicholas. Appellants also seek damages in their own right. All of the causes of action asserted by appellants are premised upon the defendants' alleged failure to properly diagnose and treat Nicholas Incollingo's diaphragmatic hernia prior to his birth.

On May 13, 1991, appellees Mercy Catholic and Dr. Cynthia Villasis filed a petition for transfer of venue to Delaware County pursuant to Pa.R.Civ.P. 1006(d)(1)[2] based on *forum non conveniens.*[3] On July 1, 1991, the trial court, by order of the Honorable Albert J. Sheppard, granted the

1. By stipulation of counsel, Riddle Health Care Services was dismissed from the case.

2. Pa.R.Civ.P. 1006(d)(1) provides: "For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought."

3. The remaining defendants, Dr. McCarron, Dr. Kane, Dr. Maguire and Riddle Health Care Center I, were not parties to the petition to transfer venue. However, the remaining defendants filed a response to appellant's petition of reconsideration and joined appellees at oral argument, arguing in favor of transferring venue.

petition and transferred the case to Delaware County. Appellants filed a petition for reconsideration on July 10. The trial court vacated its order, pending reconsideration. Oral argument on the petition was held on August 14. By order dated August 26, the court denied appellants' petition for reconsideration and reinstated its July 1 order transferring the action to Delaware County. This timely appeal followed.[4]

Initially we note that none of the parties contend that venue is improper in Philadelphia or Delaware County, and we find venue to be proper in either county as Mercy Catholic maintains a division in Philadelphia County, and all defendants regularly conduct business in Delaware County. Pa.R.Civ.P. 1006(c) and 2179(a)(2). Accordingly, our analysis will focus solely on whether the transfer was proper on the basis of *forum non conveniens.*

The standard of review for an appeal of the trial court's order transferring venue is well-settled. Because Rule 1006(d) of the Rules of Civil Procedure vests considerable discretion in the trial judge to determine whether to grant a petition for a change of venue, the trial judge's determination must stand absent an abuse of discretion. *Brown v. Del. Val. Transplant Prog.,* 371 Pa.Super. 583, 538 A.2d 889 (1988); *Fox v. Pennsylvania Power & Light Co.,* 315 Pa.Super. 79, 461 A.2d 805 (1983). An abuse of discretion includes not only an error of judgment but also, "if in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence or record, discretion is abused." *St. Vladimir Ukrainian Orthodox Church v. Preferred Risk Mut. Ins. Co.,* 239 Pa.Super. 492, 497, 362 A.2d 1052, 1056 (1976).

4. Although an order changing venue is interlocutory, an appeal to this court is proper pursuant to Pa.R.A.P. 311(c) which provides in relevant part: "An appeal may be taken as of right from an order in a civil action or proceeding changing venue...." Accordingly, we will review appellants' contentions.

Additionally, an abuse of discretion will result "if the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered." *Korn v. Marvin Fives Food Equip.*, 362 Pa.Super. 559, 564, 524 A.2d 1380, 1383 (1987). Moreover, the trial court must find that the transfer is convenient for both parties to the action or for the witnesses. *Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 283, 525 A.2d 1230, 1233 (citing *Nicolosi v. Fittin*, 434 Pa. 133, 135, 252 A.2d 700, 701 (1969)).

■ A plaintiff should not be deprived of her choice of forum unless the defendant

> clearly adduces facts that either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience or (2) make a trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. A court must balance these private and public interest factors but unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

*Petty, supra,* 363 Pa.Super. *at* 281, 525 A.2d at 1232 (*quoting Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 159 (3d Cir.1980) (citations omitted)).

> In evaluating a change of venue motion, a trial court should consider those elements which affect the private interests of the litigants which include: the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses; possibility of view of the premises if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.... The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried

in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law.

*Petty, supra,* 363 Pa.Super. at 281–282, 525 A.2d at 1232.

█ In the instant case, appellants contend that the trial court abused its discretion in transferring their action to Delaware County because the appellees did not demonstrate on the record how trial in Philadelphia County adversely affects their ability to defend against appellants' claims. Specifically, appellants argue that appellees had not made any demonstration on the record of hardship, nor had appellees identified any non-party witnesses to be called, what their testimony would be and how they would be inconvenienced. Furthermore, appellants argue that Delaware County is inconvenient for both parties.

Preliminarily we note that appellants' arguments center on the private interest factors that a court must consider when determining whether to transfer. However, the trial court in granting the transfer did not rely solely upon the private interest factors but rather upon the private *and* public interest factors, placing great emphasis on the public interest factors.[5] Consequently, even if we were to conclude that appellees did not demonstrate sufficient evidence on the record to establish hardship, the balancing of both the private and public interest factors that were established on the record may have tipped the balance in appellees

---

5. Particularly, the trial court found that the place of the alleged malpractice, the residence of appellants and appellees, as well as almost all of the appellees' offices were located in Delaware County. Moreover, the court found that all of the appellee's employees, servants and agents are or were employed or residing in Delaware County. As a result, the court concluded that trial in Delaware County would be less costly and would make the attendance of willing witnesses easier. The court next considered the substantial backlog of civil cases in the Philadelphia court system, the insufficient contacts that the present case had with Philadelphia and the impropriety of imposing jury duty on Philadelphia residents who have no relationship to the litigation. Considering all of the aforementioned factors, the court then granted the transfer. Opinion, Sheppard, J., November 25, 1991 at 5–6.

favor and supported transfer of the action to Delaware County. *See Petty, supra,* 363 Pa.Superior Ct. at 281, 525 A.2d at 1232 (a court must balance the private and public interests factors and transfer only if the balance is strongly in defendant's favor). Thus, we must proceed to review the factors upon which the trial court relied, determine if they were supported by the record and if they were sufficient to warrant a transfer of venue to Delaware County.

The trial court first considered that appellants are residents of Delaware County and that the place of injury was Delaware County. Because appellant admit the above, we find these factors to be supported by the record. *See* Plaintiffs' Answer To Petition of Defendants For Transfer. Furthermore, these factors are relevant to the consideration of the public interest. *See Petty, supra,* 363 Pa.Superior Ct. at 281–82, 525 A.2d at 1232. (a court must consider those elements in which the public has an interest and those include: ... imposing jury duty on a community which has no relation to this litigation.); *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 76, 491 A.2d 154, 156 (1984) ("[a court is] not required to accept and rely exclusively upon plaintiff's choice of forum in preference to another forum found by the court ... to maintain more direct contact with the litigation.") Thus, the trial court did not err in considering them.

The trial court next determined that appellees and the remaining defendants were located in Delaware County and that all of their employees, servants or agents are employed or reside there.[6] The court then concluded that the Delaware County forum would be less costly and would facilitate the attendance of willing witnesses. Appellants argue

6. The court noted that while appellee Dr. Villasis was associated with Methodist Hospital in Philadelphia, at all times relevant to the present action, the doctor was an employee of Mercy Catholic in Delaware County. Moreover, the court noted that all of the treatment provided by the doctor to appellant Sandra Incollingo and the decedent was provided in Delaware County. Opinion, Sheppard, J., November 25, 1991, at 3. Accordingly, the court concluded that with regard to this action, appellee Villasis was located in Delaware County. We agree, and further note that in her affidavit, Dr. Villasis averred that her association with Methodist Hospital terminated in 1989.

that the court erred in making this determination because appellee Mercy Catholic has a division in Delaware County (Fitzgerald–Mercy) and a division in Philadelphia (Misericordia). Moreover, appellants argue that Mercy Catholic has not established on the record the residency of any of its employees, nor has it shown any inconvenience to these employees by having to travel to Philadelphia.

First, we agree with appellants that the record indicates that appellee Mercy Catholic does have a division in Philadelphia. However, appellants have admitted that all treatment rendered to appellant Sandra Incollingo and the decedent by appellees was administered in Mercy Catholic's Delaware County division. *See* Plaintiffs' Response to Petition of Defendants For Transfer. Moreover, appellants do not allege that Mercy Catholic's Philadelphia Division is involved in the present dispute. *Id.* Thus, with regard to *this* case, the trial court did not err in concluding that all defendants were located in Delaware County.

Second, appellee Mercy Catholic did establish on the record the residency of those employees who were involved in the treatment of appellant Sandra Incollingo and the decedent. Appellee had placed on the record the affidavit of Georgia Dodd, Associate Counsel of Legal Affairs for Mercy Catholic. In her affidavit, Ms. Dodd listed the names and addresses of seven Mercy Catholic employees who participated in the care of appellant and the decedent and who may be called as witnesses. All of the witnesses listed resided in Delaware County.

We agree with appellants, however, that appellees have only stated in a conclusory fashion that these witnesses would be inconvenienced by having to travel to Philadelphia. *See* Petition of Defendants, Mercy Catholic Medical Center and Cynthia Villasis, M.D., For Transfer of Venue. Appellees did not demonstrate on the record how the witnesses would be inconvenienced or how these witnesses would be more inconvenienced than those of appellant's who have to

travel from Philadelphia.[7] Accordingly, we agree with appellant that the trial court's conclusion that trial in Delaware County would make the attendance of willing witnesses easier—i.e. would be more convenient for the witnesses—is not supported by the record.

The next two factors relied upon by the court were jury duty considerations and the insufficient contacts the present action has with Philadelphia County. Appellants argue that the court erred in considering this latter factor, because this factor is considered only in determining subject matter and personal jurisdiction. We disagree. In *Ernest v. Fox Pool Corp., supra,* 341 Pa.Superior Ct. at 76, 491 A.2d at 156, this court noted that

> [a court is] not required to accept and rely on the plaintiff's choice of forum in preference to another forum found by the court to be more convenient to the parties and witnesses and *which maintained more direct contacts with the litigation.*

(emphasis added.) Moreover, in *Petty v. Suburban General Hospital, supra,* 363 Pa.Super. at 281–82, 525 A.2d at 1232, this court held that in determining whether to transfer, one of the factors to be considered is the imposition of jury duty on a community which has *no relation to the litigation.* Accordingly, in the instant case, the trial court did not err in considering the contacts with Philadelphia County. Furthermore, the court did not err in determining that there are few contacts between this action and Philadelphia County. Except for the several hours of emergency treatment performed on the decedent at Thomas Jefferson Hospital, just prior to his death, there are no other contacts that Philadelphia has with this case.

Finally, the court noted the substantial backlog of civil cases in the Court of Common Pleas of Philadelphia. Again, under *Petty,* this was a relevant factor for the court

---

7. Appellants argue that they intend to call to testify at trial health care employees from Thomas Jefferson Hospital, located in Philadelphia, who had provided emergency treatment to the decedent just prior to his death. *See* Plaintiff's Motion For Reconsideration.

to consider. *Id.* Moreover, the substantial backlog of the Philadelphia trial courts is a serious problem that this court recognizes. Thus, the trial court did not err in considering this factor.

Viewing as a whole the factors relied upon by the trial court and supported by the record, we cannot conclude that the court abused its discretion in determining that the balance was tipped strongly in favor of transferring this action to Delaware County and that the transfer would be convenient for both appellants and appellees. Consequently, we affirm the court's order.

Order affirmed.