612 A.2d 1379

**Blair BURNS, Appellant,**

**v.**

**PENNSYLVANIA MANUFACTURERS' ASSOCIATION INSUR-ANCE COMPANY and Pennsylvania Manufacturers' Corporation and John Madsen c/o Pennsylvania Manufacturers' Corporation.**

Superior Court of Pennsylvania.

Argued June 16, 1992.

Filed Sept. 8, 1992.

632

James T. Vernile, Philadelphia, for appellant.

Anthony J. Bilotti, Philadelphia, for appellee.

Before ROWLEY, President Judge, and HUDOCK and BROSKY, JJ.

ROWLEY, President Judge.

Blair Burns (hereinafter "appellant") appeals from an order granting appellees' petition for transfer of venue from Philadelphia county to Bucks county. Appellants contend that the trial court abused its discretion in transferring the case pursuant to the doctrine of *forum non conveniens,* and Rule 1006(d)(1) of the Pennsylvania Rules of Civil Procedure because material issues of disputed fact were not resolved prior to the court's transfer order. After extensive review of the record and the law, we vacate and remand.

The cause of action giving rise to the instant appeal arose out of an alleged defamatory communication made in the course of investigating a worker's compensation claim filed by appellant. The essence of the communication was that appellant was involved in the pornography business. Appellant claims that appellee Madsen published the communication to a doctor, his medical office staff, private investigators and their employees and to several other employees of the corporate appellees.

Appellees filed a petition to transfer venue to Bucks county, or alternatively to Montgomery county, contending that appellant and appellee Madsen resided in Bucks county, that the corporate appellees maintained files related to this case in Montgomery county, and that the cause of action arose in Montgomery county, but admitting that the corporate appellees were headquartered in Philadelphia county and that some witnesses and documentary evidence were located in Philadelphia. Conversely, Appellant maintains that the cause of action arose in Philadelphia, that the corporate appellees and all of the files they maintained related to the defamation claim (as opposed to the worker's compensation claim) are in Philadelphia, and that a majority of witnesses to the publication of the defamatory statements are in Philadelphia such that venue should remain in Philadelphia for the convenience of both parties.

In the answer, appellant specifically stated that the factual bases for appellees' transfer petition were in dispute and

accordingly, requested denial of the petition, or in the alternative, an order compelling appellees to engage in discovery to resolve the disputed issues of fact. The trial court granted the transfer based on the petition and answer without addressing appellant's request for Rule 209 discovery. Appellant contends that the court erred in failing to order appellees to take deposition testimony to support their claim that the cause of action arose in Montgomery county and that the files relative to this case are housed there.

We are aware that the standard of review for an appeal of a trial court order transferring venue is to determine whether the trial judge's determination was an abuse of discretion. *Brown v. Del. Val. Transplant Prog.*, 371 Pa.Super. 583, 538 A.2d 889 (1988). An abuse of discretion includes not only an error of judgment but also an error of law. *Incollingo v. McCarron*, 416 Pa.Super. 419, 611 A.2d 287 (1992); *St. Vladimir Ukrainian Orthodox Church v. Preferred Risk Mut. Ins. Co.*, 239 Pa.Super. 492, 497, 362 A.2d 1052, 1056 (1976).

We are also aware that a plaintiff/appellant should not be deprived of a choice of forum unless the defendant/appellees "clearly adduce facts that either (1) establish such oppressiveness and vexation to a defendant so as to be out of all proportion to plaintiff's convenience.... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems. These private and public interest factors must weigh strongly in favor of the defendant before the court can disturb the plaintiff's choice of forum." *Okkerse v. Howe*, 521 Pa. 509, 518, 556 A.2d 827, 832 (1989); *Alford v. Phil. Coca–Cola Bottling*, 366 Pa.Super. 510, 531 A.2d 792 (1987).

■ While the trial court is capable of determining matters of public interest without supporting evidence, an "informed assessment of the private interests at stake and of the particular circumstances that affect the public interest often requires the court to resolve disputed issues of fact ..." *Id.*, 366 Pa.Superior Ct. at 515, 531 A.2d at 795. This Court concluded in *Alford* that "[o]n petitions to transfer

pursuant to rule 1006(d), the parties and the court must resolve all material issues of disputed fact through procedures established by Pa.R.C.P. 209." *Id.,* 366 Pa.Superior Ct. at 515, 531 A.2d at 795; *see also, Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989); *Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 525 A.2d 1230 (1987).

■ There are several means by which this resolution can occur. First, pursuant to Rule 209(a) and (b), the petitioner *must* either "take depositions of disputed issues of fact" or "order the cause for argument on petition and answer." Secondly, if the petitioner chooses to order the cause for argument rather than take depositions, the court *may,* pursuant to Philadelphia County Local Rule of Civil Procedure 140(D), order the parties to proceed as required by Rule 209 where the petition and answer present a factual dispute on material points. And finally, if the petitioner does not take Rule 209 discovery and the court does not order it, the court *must,* under Rule 209, consider as true all responsive allegations of fact in the answer to the petition. *Alford,* 366 Pa.Super. at 515, 531 A.2d at 795.

■ In the instant case, appellant and appellees disagree about where the cause of action arose and where the files relative to this action are located. These are material issues of fact which must be resolved prior to the entry of an order transferring venue on the theory of *forum non conveniens.* Therefore, we are constrained by Rule 209 and legal authority construing it, to conclude that the trial court was premature in transferring appellant's cause of action. Accordingly, we do not express any opinion on the merits of the transfer, but rather vacate the transfer order and remand the matter for resolution of the disputed factual issues pursuant to Rule 209.

Order vacated and case remanded. Jurisdiction is relinquished.