628 A.2d 435

**Marvin SCRIBNER and Sandra Scribner, h/w, Appellants,**

**v.**

## MACK TRUCKS

**v.**

## PROTECTION TECHNOLOGY, INC.

Superior Court of Pennsylvania.

Argued May 11, 1993.

Filed July 19, 1993.

Richard J. Orloski, Allentown, for appellants.

Maureen A. Jordan, Bethlehem, for Mack Trucks, appellee.

Before BECK, POPOVICH and HESTER, JJ.

HESTER, Judge.

Marvin and Sandra Scribner appeal from the November 24, 1992 order entered by the Court of Common Pleas of Northampton County[1] which granted a petition requesting a change of venue from Northampton County to Lehigh County. Change of venue was requested by Mack Trucks, Inc. ("Mack Trucks"), appellee, in this personal injury action. Appellants argue that the trial court failed to adequately consider their choice of forum. They also contend the record fails to establish that their selection of forum was inconvenient for the other parties to this action. We affirm.

---

1. The notice of appeal and the caption incorrectly state that the order from which the appeal lies is an order of the Court of Common Pleas of Lehigh County. The order appealed actually is an order entered by the Court of Common Pleas of Northampton County.

The record reveals the following. Mr. Scribner was employed as a security guard with Protection Technology, Inc., which was under contract with appellee to provide security services at a garage owned and operated by appellee in Lehigh County. Scribner allegedly was injured seriously after he slipped and fell on an accumulation of oil which seeped from a storage tank located in the garage. Appellants instituted this action in Northampton County seeking recovery for damages that they sustained as a result of Mr. Scribner's fall. They claimed Mack Truck was liable since it had notice of the condition but failed to correct it. Mack Trucks joined Protection Technology, Inc. as a third-party defendant.

On July 29, 1992, Mack Trucks petitioned to transfer this action to Lehigh County pursuant to Pa.R.C.P. 1006(d)(1), which provides: "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." When appellants failed to contest the petition requesting the Northampton court to transfer venue, the court granted the petition and transferred venue.

Subsequently, appellants filed a petition to vacate the order on the basis that they did not receive proper notice. The notice appellants received stated only that appellee intended to file a petition requesting a change of venue; it did not indicate the petition was to be presented to the court. On that basis, the trial court vacated the order and rescheduled argument on the original petition to transfer venue. At the hearing, Mack Trucks argued that Northampton was an inconvenient forum for the parties and witnesses since they worked and resided elsewhere. It further contended that transferring venue to Lehigh County would be more convenient for all concerned since: (1) appellants are residents of Lehigh County; (2) the accident giving rise to the lawsuit occurred there; and (3) all witnesses to the accident reside and work in Lehigh County. Based on these factors, the Northampton Court entered an order transferring venue to Lehigh County as the most convenient forum for all parties. This appeal followed.

Appellants contend that their original selection of forum should have been accorded the greatest weight by the common pleas court. In support, they rely upon *Vogel v. National Rail Passenger Corp.*, 370 Pa.Super. 315, 536 A.2d 422 (1988); and *Hosiery Corporation of America v. Rich*, 327 Pa.Super. 472, 476 A.2d 50 (1984) (plaintiff's right to choose a forum will only be disturbed for weighty reasons). They further assert that Mack Trucks bears a heavy burden to show that the forum appellants selected is not convenient and that the alternate forum is more convenient for all parties. *Korn v. Marvin Fives Food Equipment Corp.*, 362 Pa.Super. 559, 524 A.2d 1380 (1987); *Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 525 A.2d 1230 (1987). Moreover, appellants note that to support a change of venue, appellee is required to establish such oppressiveness that: (1) the vexation to the moving party is out of all proportion to the non-moving party's convenience, and (2) the forum chosen was inappropriate in light of the forum court's administrative or legal concerns. *Id.* Appellants finally claim that the grounds asserted by appellee and set forth in the record do not support such a finding.

Our standard of review is clear. In *Okkerse v. Howe*, 521 Pa. 509, 517–18, 556 A.2d 827, 831–32 (1989) (emphasis in original), our Supreme Court stated:

Our Rules of Civil Procedure provide a plaintiff with options as to where to bring suit, and this Court has emphatically stated that the choice of forum by a plaintiff is entitled to weighty consideration. *Walker v. Ohio River Co.*, 416 Pa. 149, 152, 205 A.2d 43, 43 (1964). Nevertheless, a plaintiff's choice of forum is not unassailable and the availability of a *forum non conveniens* challenge is a necessary counterbalance to insure fairness and practicality. *See Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 491 A.2d 154 (1985). Because, however, of the weight accorded to the plaintiff's original choice courts have held that he or she should not be deprived of the advantages presumed to come from that choice

"unless the defendant *clearly adduces* facts that 'either (1) establish such oppressiveness and vexation to a defen-

dant as to be out of all proportion to plaintiff's conve-
nience ... or (2) make trial in the chosen forum inappro-
priate because of considerations affecting the court's own
private and public interest factors' *but unless the balance
is strongly in favor of the defendant, the plaintiff's choice
of forum should rarely be disturbed....*"

*Reyno v. Piper Aircraft, Co.,* 630 F.2d 149, 159 (3d Cir.
1980), citing *Koster v. Lumbermens Mutual Casualty Co.,*
330 U.S. 518, 67 S.Ct. 828, 91 L.Ed. 1067 (1947) and *Gulf Oil
v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947);
cited with approval in *Korn v. Marvin Fives Food Equip-
ment,* 362 Pa.Super. 559, 563, 524 A.2d 1380, 1384 (1987).

Thus, the party seeking a change of venue bears a heavy
burden in justifying the request, and it has been held consis-
tently that this burden includes demonstrating the claimed
hardships on the record. *Id.*

The factors which a trial judge must consider before
ordering a transfer of venue include:

[T]he relative ease of access to sources of proof, availability
of compulsory process for attendance of unwilling, and the
cost of obtaining attendance of willing, witnesses; possibility
of view of the premises, if a view would be appropriate to
the action; and all other practical problems that make trial
of a case easy, expeditious and inexpensive. There may also
be questions as to the enforceability of a judgment if one is
obtained. The court will weigh relative advantages and
obstacles to a fair trial.

Factors of public interest also have a place in applying
the doctrine. Administrative difficulties follow for courts
when litigation is piled up in congested centers instead of
being handled at its origin. Jury duty is a burden that
ought not to be imposed upon the people of a community
which has no relation to the litigation.

*Rini v. N.Y. Central R.R. Co.,* 429 Pa. 235, 239, 240 A.2d 372,
374 (1968). Pa.R.C.P. 1006(d) vests considerable discretion in
the trial judge to determine whether to grant a petition for a
venue change. Although a choice of forum is entitled to

weighty consideration, the right of a plaintiff to choose a forum is not absolute. *Wills v. Kaschak,* 420 Pa.Super. 540, 617 A.2d 37 (1992).

We note that "[i]f there is any basis for the trial court's decision to grant the petition to transfer venue, the decision must stand." *Shears v. Rigley,* 424 Pa.Super. 559, 564, 623 A.2d 821, 824 (1993). (citation omitted). Moreover, the standard of review is one of abuse of discretion. *Purcell v. Bryn Mawr Hospital,* 525 Pa. 237, 579 A.2d 1282 (1990); *Fox v. Pennsylvania Power & Light Co.,* 315 Pa.Super. 79, 461 A.2d 805 (1983). An "abuse of discretion is shown by a record of misapplication of the law, or judgment that is manifestly unreasonable, or motivated by partiality, prejudice, bias, or ill-will." *Page v. Ekbladh,* 404 Pa.Super. 368, 371, 590 A.2d 1278, 1279 (1991). Finally, before a court can order a transfer it must find "that transfer is more convenient for *both* parties to the action or for the witnesses." *Nicolosi v. Fittin,* 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in original).

Applying this criteria to the present case, we do not find an abuse of discretion. Northampton County is an inconvenient forum for the witnesses and attorneys for both parties.[2] None of the parties or witnesses work or reside in Northampton County, and it has little connection with the case since the accident did not occur there. On the other hand, Mack Trucks clearly established that ease of access to sources of proof best is obtained in Lehigh County. The accident occurred there, many of the witnesses live and work there, as do the attorneys for both parties. Thus, it is convenient for both parties.

It is clear that the trial court considered the reasons for appellants' choice of forum. While it is true that Northampton County is much more current with its docket than is Lehigh County, the court determined that the inconvenience

2. Our decision is not affected by the fact that venue over Mack Trucks was proper in Northampton County due to the fact that it conducts business there. *See* Pa.R.C.P. 2179(a). The question we consider is whether Northampton County is a *convenient* forum.

to the parties and witnesses outweighed appellants' decision to file suit there. The fact that Mack Trucks did not establish that all of the witnesses live and work in Lehigh County, in our estimation, does not rise to an issue of material fact not resolved at the hearing. *See Alford v. Philadelphia Coca-Cola Bottling Co.*, 366 Pa.Super. 510, 531 A.2d 792 (1987) (trial court can consider without supporting evidence such matters of public interest as the possibility of court congestion, the extent of involvement in the outcome of litigation, and the difficulties of applying foreign law); *Vogel v. National R.R. Passenger Corp.*, *supra* (sufficient factors established in the record to support a change of venue).

Furthermore, Lehigh County is a convenient forum for *all* parties, even though appellants would prefer Northampton County for other reasons. The trial court specifically stated that it weighed this and other considerations against appellants' choice of forum. It determined that Northampton County was an inconvenient forum as compared to Lehigh County which was a convenient forum for all parties. The relative weight to be given competing factors is a decision for the trial court. It is not our duty to to re-weigh the competing factors as long as the court addressed them. *Id.* Moreover, the factors cited in the trial court's decision are supported by the record. Accordingly, we do not find an abuse of discretion in the order by the Court of Common Pleas of Northampton County transferring this action to Lehigh County. The citizens and facilities of Northampton County should not be burdened with the expense and inconvenience of trying a cause of action in their courts which has no connection with Northampton County.

Order affirmed.