660 A.2d 636

Allen W. RUBIN, Administrator of the Estate of
Steven P. DiLeonardo, Deceased, Appellant,

v.

Kenneth LEHMAN, Eleanor M. Lehman, Anthony DiLeonardo,
Jr., Richard Diegel, Bucks County International, Inc., Arnold
McClarin, Upper Southampton Township Industrial Develop-
ment Authority, Delaware Valley Development Authority,
Davisville Properties, Inc., Davisville Center, Inc., M. Barry
Schultz & Co., Gulf Oil Corp., Cumberland Farms, Inc., Mor-
ton's Gulf, Inc., James J. Morton, William Dreyer's Lawn
Service and General Motors Corporation.

Superior Court of Pennsylvania.

Argued Sept. 28, 1994.

Filed May 11, 1995.

Reargument Denied July 24, 1995.

2

Ronald L. Wolf, Philadelphia, for appellant.

Wayne A. Schaible, Philadelphia, for Lehman, appellee.

Before McEWEN, TAMILIA, and FORD ELLIOTT, JJ.

FORD ELLIOTT, Judge:

This is an appeal from the January 31, 1994 order of the Court of Common Pleas of Philadelphia County granting appellees Kenneth and Eleanor Lehman's petition to transfer venue to Bucks County. We reverse.

The underlying lawsuit stems from an automobile accident which occurred in February 1990. The accident, involving an automobile driven by Kenneth Lehman and an automobile driven by Anthony DiLeonardo, Jr., occurred along County Line Road, dividing Bucks and Montgomery Counties. At the time of the accident DiLeonardo's brother Steven was a passenger in his vehicle. As a result of the collision, both Anthony and Steven DiLeonardo were ejected from their vehicle. Steven DiLeonardo was struck by an oncoming tow truck and killed.

Allen W. Rubin, Administrator of the Estate of Steven DiLeonardo, filed suit in Philadelphia County against the Lehmans, General Motors Corporation, the tow truck company and driver, the owner of the vehicle in tow, and nine other corporate defendants who all had an ownership interest in the property at the intersection where the accident occurred. In a companion suit currently pending in Philadelphia County, Anthony DiLeonardo likewise sued these same defendants.

In October 1993, appellees Kenneth and Eleanor Lehman petitioned to have the case transferred to the Court of Common Pleas of Bucks County on the grounds of *forum non conveniens*. In the petition, appellees alleged that transfer was proper for several reasons. Appellees pointed to the facts that the accident occurred in Bucks County, that four of the individual defendants reside in Bucks County, that the causes of action had very little connection to Philadelphia County, that the Philadelphia County courts are overburdened, and that for the majority of witnesses in this case it would be more convenient to testify in Bucks County. Many of the allegations in appellees' petition were unsubstantiated; appellees failed to take depositions or secure affidavits to support their allegations concerning the convenience of witnesses. Appellant responded to the petition by specifically denying several of the allegations and offering testimonial affidavits to support his position. The trial court, on this record and without conducting a hearing, granted the petition and transferred the case to Bucks County. Appellant asks us to review that decision.

To that end, appellant raises three issues, all concerning the propriety of the trial court's decision to transfer venue.

I. Did the trial court adequately consider plaintiff's choice of forum in granting the motion to transfer?

II. Did the trial court improperly order transfer when petitioning defendants did not demonstrate through record evidence that Philadelphia is inconvenient for any party or witness and plaintiff established that this forum is convenient for parties and witnesses?

4

III. Did the trial court improperly order transfer when the record shows Bucks County is an inconvenient forum for parties and witnesses?

All three issues will be addressed together with the following discussion.

■ It is a well-established rule of law in this Commonwealth that the party seeking to change venue must satisfy a heavy burden by pointing to record evidence of the claimed hardships imposed by plaintiff's choice of forum. *See Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989); *Scribner v. Mack Trucks*, 427 Pa.Super. 71, 628 A.2d 435 (1993).

■ The facts underlying this case are strikingly similar to those in *Okkerse, supra. Okkerse* involved an intersectional collision in Montgomery County in which one of the drivers, Mrs. Okkerse, was killed. Her husband filed suit, in Philadelphia County against the driver of the other vehicle, Ford Motor Company (the manufacturer of Mrs. Okkerse's vehicle), property owners whose overgrown shrubs allegedly obscured vision at the intersection, various governmental agencies who allegedly had responsibility for controlling the intersection, and twenty-two property owners who allegedly owned the road leading to the intersection. Of all the defendants, the only connection to Philadelphia County was that Ford Motor Company and the Department of Transportation had offices there. One of the defendants in *Okkerse* [1] filed a petition to transfer venue on the grounds of *forum non conveniens*. The petition was granted, reversed by this court, and eventually appealed to the supreme court.

On appeal, the supreme court, affirming this court, concluded that the moving party's failure to support the petition with record evidence required a denial of the petition to transfer.

Justice McDermott, writing for the majority in *Okkerse,* stressed the importance of the moving party's development of

---

**1.** There were actually two separate petitions for transfer filed before two different trial court judges in *Okkerse.* However, the intricacies of filings before the trial court are inconsequential to our discussion presently.

a record to support the petition to transfer based upon the doctrine of *forum non conveniens.*

Thus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships. The Rules of Civil Procedure provide for a procedure whereby a complaining party can develop such a record, and this procedure has been recognized and endorsed by the Superior Court:

a proper procedure under Rule 1006(d)(1) necessarily implicates the requirements for petition and answer set forth in Pa.R.C.P. 206 through 209, including the taking of evidence by deposition or otherwise on disputed issues of fact.

*Hosiery Corporation of America v. Rich,* 327 Pa.Super. 472, 475, 476 A.2d 50, 51 (1984).

*Okkerse* at 518, 556 A.2d at 832 (emphasis in original).

Similarly, because there was *no* testimony or evidence provided by appellees on which the trial court might have based its decision we must reverse in this matter. Appellees failed to take any depositions, secure affidavits, or establish any record evidence, whatsoever. Instead, the trial court based its decision to transfer venue on the allegations of hardship and inconvenience raised in appellees' petition.

However, as this court has previously held:

We refuse to sanction the transfer of a cause of action premised on the convenience of parties and witnesses on the mere allegation, specifically denied by plaintiff/appellant, of the petitioner.

*Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 285, 525 A.2d 1230, 1234 (1987). Presently, many of the allegations in appellees' petition, upon which the decision to transfer venue was based, were specifically denied by appellant in his response to the petition. For instance, appellant disputed that decedent was a resident of Bucks County prior to his death; that a significant number of non-party witnesses to the accident reside and/or work in Bucks County; that defendant

Anthony DiLeonardo, Jr., resided in Bucks County at the time of the accident; that all sources of proof are located in Bucks and Montgomery Counties; and that Bucks County is a more convenient forum for all parties.

As this court has previously ruled, "[i]f the petitioner does not take Rule 209 discovery and the court does not order it, the court *must*, under Rule 209, consider as true all responsive allegations of fact in the answer to the petition." *Burns v. Pennsylvania Manufacturers Ass'n.*, 417 Pa.Super. 631, 635, 612 A.2d 1379, 1381 (1992) (emphasis in original). *See also Alford v. Phil. Coca-Cola Bottling*, 366 Pa.Super. 510, 531 A.2d 792 (1987). The lack of a record mandated that the allegations in appellant's responsive pleading be accepted as true. Additionally, appellant did not merely rest on his responsive pleading, but rather appellant provided the trial court with testimonial affidavits from various parties and witnesses who stated that Philadelphia County would be a convenient forum. Appellees presented the trial court with no record evidence to weigh in their favor. Therefore, we cannot conclude as did the trial court that, based upon a weighing of the relevant factors, the balance was strongly in favor of appellees.[2]

While we recognize that the trial court has broad discretion in matters such as this, before it can order a transfer it must "find that transfer is more convenient for *both* parties to the action or for the witnesses," *Nicolosi v. Fittin*, 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in original). As noted by the *Petty* court, "[I]f the trial court has not held the defendant to the proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of

**2.** For example, appellant/administrator himself stated in his affidavit that he is a Philadelphia resident and that a trial in Bucks County would be inconvenient for him. Additionally, decedent's parents, residents of Florida, both stated in their affidavits that Philadelphia County would be a much more convenient forum for them. Although certainly not dispositive of our decision today, we are also troubled by the fact that one of the defendants in the present suit, Anthony DiLeonardo (the driver of the vehicle in which decedent was a passenger), has, himself, filed a lawsuit arising from this accident in Philadelphia County. This raises the very distinct possibility that these parties and witnesses may now be required to testify at two trials in two separate counties.

discretion has been demonstrated. Discretion must be exercised within the applicable standards." *Petty*, 363 Pa.Super. at 282, 525 A.2d at 1232–33, *quoting Reyno v. Piper Aircraft Co.*, 630 F.2d 149, 160 (3d Cir.1980) (citations omitted). Instantly, this court's doubt concerning the decision to transfer is grounded in appellees' failure to present any record evidence in support of their assertion that the transfer is more convenient for *both* parties and the witnesses.

Additionally, while this court recognizes that a trial court can consider matters of public interest as a basis for transfer without a supporting record, the lack of any record regarding private factors clearly serves to negate any meaningful balance of public and private factors to determine if they weigh so strongly in favor of the moving party as to warrant disturbing the plaintiff's choice of forum. While this court is sensitive to the tremendous burden placed on the judicial system in Philadelphia County because of an extremely heavy docket,[3] we are required to adhere to the decisions of this court which have made clear that trial courts must exercise vigilance and not utilize venue transfers based upon the doctrine of *forum non conveniens* as a means of controlling their dockets.

A trial judge, acting under that doctrine, should only dismiss the action if the plaintiff has selected a clearly inappropriate forum. *Rini v. New York Central Railroad Company* [429 Pa. 235, 240 A.2d 372 (1968) ], *Id.* Although we certainly recognize the tremendous burdens placed upon our courts by inadequate and unreasonable funding limitations, such circumstances do not provide the basis for a *forum non conveniens* transfer of a case from one county to another, when venue is properly laid in the first county. See *Horn v.*

---

**3.** It should be noted that the author of the instant Opinion also authored this court's decision in *German v. AC & S, Inc.*, 430 Pa.Super. 497, 635 A.2d 159 (1993). In *German*, this court, recognizing the tremendous burden placed upon the Philadelphia courts by the asbestos docket, specifically approved special procedures for *forum non conveniens* venue transfers in such cases. Concluding that the trial court had devised a well-planned system which was published and provided in advance to all concerned counsel, we allowed for the special procedure in considering venue transfer petitions in asbestos cases.

*Erie Insurance Exchange, supra,* 373 Pa.Super. [186] at 189, 190, 540 A.2d [584] at 586 [ (1988) ], where we stated, 'A trial court may not utilize a transfer of venue merely to control its docket, to preserve judicial resources, or to avoid deciding cases which are properly before it.' As in *Horn,* it is evident in this case that neither the parties nor the trial court have demonstrated that it would have been more convenient for the litigants or their witnesses to try this action in Somerset County, rather than in Allegheny County or that the latter was a clearly inappropriate forum. Thus, under prevailing precedent, the trial court's change of venue order was improper.

*Greenfeig v. Seven Springs Farm, Inc.,* 416 Pa.Super. 580, 585–86, 611 A.2d 767, 770 (1992); *Horn v. Erie Insurance Exchange,* 373 Pa.Super. 186, 540 A.2d 584 (1988).

Accordingly, on this record and in light of the foregoing discussion, we cannot affirm the trial court's decision to transfer venue in this case. Too often this court is being asked to review *forum non conveniens* cases where the petitioner has presented the trial court with either an inadequate record or no record at all. If this court is to be faithful to the notion that a plaintiff's choice of forum is entitled to weighty consideration, then, at the very least, we should be enforcing the requirement that the party seeking to change that venue fulfill its heavy burden with *record proof* of the claimed hardships. In the absence thereof, it appears that the *forum non conveniens* transfer has become nothing more than a docket-clearing device. Based on the published decisions of this court and our supreme court, we find such utilization to be an abuse of the procedure.

Accordingly, the order of the trial court granting the petition to transfer venue to Bucks County is hereby reversed, and the case is remanded for further proceedings. Jurisdiction is relinquished.

TAMILIA, J., files a Dissenting Opinion.

TAMILIA, Judge, dissenting:

Allen W. Rubin, administrator of the estate of Steven P. DiLeonardo, appeals from the January 31, 1994 Order granting moving defendants' petition to transfer plaintiff's survival and wrongful death action from Philadelphia to Bucks County on the basis of *forum non conveniens*. The majority reverses the Order of the trial court, and for the following reasons I vigorously dissent.

Appellants argue the trial court abused its discretion by transferring this matter from Philadelphia County, the choice of the plaintiff, to Bucks County. The underlying products liability and personal injury action stems from an automobile collision in February, 1990, in the County of Bucks, very near its border with Montgomery County.[1]

Although plaintiff's choice of forum is entitled to weighty consideration, it is not absolute, *Scribner v. Mack Trucks*, 427 Pa.Super. 71, 628 A.2d 435 (1993), and because the trial court has considerable discretion in determining whether to grant a petition for a change of venue, our standard of review of the court's decision is one of an abuse of discretion, *Purcell v. Bryn Mawr Hospital*, 525 Pa. 237, 579 A.2d 1282 (1990). Defendants petitioning for a change of venue have the burden of clearly adducing both private and public elements which either establish such oppressiveness and vexation so as to be out of all proportion to plaintiffs' convenience or make trial in the chosen forum inappropriate due to considerations affecting the court's own administrative problems. *Shears v. Rigley*, 424 Pa.Super. 559, 623 A.2d 821 (1993). When evaluating the defendants' motion for a change of venue, a trial court should consider those elements which affect the private interests of the litigants which include:

the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of willing witnesses; possibility of view of the premises if a view would be

1. The counties involved in this matter, Bucks, Montgomery and Philadelphia, are all situated in the southeast corner of Pennsylvania, each being contiguous to the other two.

appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . .

*Id.*, *quoting Petty v. Suburban General Hospital*, 363 Pa.Super. 277, 281–282, 525 A.2d 1230, 1232 (1987). The court must also consider those elements in which the public has an interest and those include:

> problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; the appropriateness of having the action tried in a forum where the court is familiar with the law that must govern the case, rather than having a court in some other forum step into a quick-sand of conflict of laws problems and foreign law.

*Id.* The rule of procedure at issue states:

> **(d)(1)** For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1).

The accident occurred near the border of Bucks and Montgomery Counties. The decedent, a resident of Bucks County on leave from the United States Navy, was a passenger in a car owned and operated by his brother, New York resident Anthony DiLeonardo. The DiLeonardo vehicle, registered in the state of New York, was struck by a car owned and operated by Bucks County residents, defendants Kenneth and Eleanor Lehman, as they entered the highway from a side street. The collision caused the DiLeonardo brothers to be forcibly ejected from the car, throwing the decedent directly into the path of an on-coming tow-truck, owned by defendant Bucks County International, Inc., and operated by a Bucks County resident, defendant Richard Diegal. The car in which the decedent was riding is now impounded in Voorhees, New Jersey.

In addition to the aforementioned individual defendants, appellant brought suit against eight corporate defendants,

including Bucks County International, Inc., and two political subdivisions, solely on the basis of the parties' ownership and/or maintenance of landscaping which allegedly obstructed the drivers' views, contributing to the fatal accident. Five of the corporate and business defendants are located within Bucks County and one other is located in Montgomery County. The remaining two corporate defendants, Cumberland Farms, Inc., a Delaware corporation, and Gulf Oil Corporation, a Pennsylvania corporation, regularly conduct business throughout Pennsylvania. The two political subdivisions included as defendants, Upper Southampton Township Industrial Development Authority and Delaware Valley Industrial Development Authority, are also situated in Bucks County. Defendant General Motors, a Delaware corporation, included on negligence and products liability theories unrelated to the shrubbery obstruction, conducts business throughout Pennsylvania and the United States.

As to potential witnesses and evidence, Bucks County Police responded to the accident, as did Bucks County emergency rescue personnel. Plaintiff's decedent was transported to Warminster General Hospital, located in Bucks County, where he was treated and later pronounced dead. The postmortem was conducted by Montgomery County Coroner, Halbert E. Fillinger, Jr., M.D. John Thallmyer, an eyewitness who was a passenger in the tow-truck, stated he lives in Philadelphia but works in Bucks, thereby making Philadelphia an inconvenient forum. And although the car is impounded in New Jersey, any testimony necessary for the resolution of the products liability facet of this case, including "evidence of designing, testing, manufacturing, and supplying the automobile" could and admittedly would come from "distant parts of the United States." (Appellants' brief at p. 10.) Lastly, should a view of the accident scene be required, as in all probability it may be in light of the defendants included as a consequence of their care or lack thereof of the landscaping at the intersection in question, it would be more convenient to have the jury proximate to the accident scene.

12

From my review of the record it is evident the trial judge carefully considered all of the testimony and evidence before him and thoughtfully weighed the public and private interests of all parties concerned before granting appellees' petition for a change of venue. Although appellant presented for our consideration the affidavits of five potential fact witnesses who stated Philadelphia would not be an inconvenient forum,[2] none of these individuals averred Bucks County would be inconvenient. These witnesses would include the victim's parents who now live in Florida, Anthony DiLeonardo who now lives in California, two individuals who saw the accident scene shortly after the collision and the coroner, previously identified. Considering the proximity of the county court houses, none being located more than 35 to 40 miles from the other, an allegation of gross inconvenience to anyone is questionable. The fact the appellant, who volunteered for the job of administrator of the decedent's estate, lives in Philadelphia County is not determinative. Clearly, the costs incurred by all concerned, witnesses, attorneys and court systems alike, are greatly reduced by moving the matter to Bucks County. Only plaintiff's counsel and the hand-selected administrator can be truly identified with Philadelphia, and we have frequently held that persons in these categories are not to be considered as effecting the balancing required by the court. Lastly, in rendering its decision, the court properly was mindful of the enormous case load backlogged in the Philadelphia Court of Common Pleas.

The majority places almost total reliance for reversal of the trial court's Order on *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989), which held that the record did not support the petition to transfer. What the majority ignores is that *Okkerse* was a decision by a divided court in which the majority of the Supreme Court agreed to remand for findings because there was "a procedural morass" in which conflicting Orders from different trial judges resulted in incorrect interpretations

2. One must question the phraseology used in the witnesses' affidavit. Does the phrase "not being an inconvenient forum," by virtue of the use of a double negative, render Philadelphia a convenient forum?

by the second trial judge thus requiring remand for reconsideration rather than transfer of venue pursuant to the first judge's Order. To this finding, the full Court agreed. The remainder of the majority's evaluation was based on a survey of the law and gratuitous conclusions by the author (McDermott, J.) which were not required for the decision in the case. Justices Larsen, Papadakos and Zappala concluded that there was no error in considering the petition on its merits as was done by Superior Court. Justice Zappala stated:

The majority improperly analyzes whether Judge White's order of transfer was supportable. This occurs because the majority engrafts on to Pa.R.C.P. 1006(d)(1) a requirement that a judge in determining *forum non conveniens* must conduct a hearing in order to develop a record on which to base his order. The plain language of the rule does not require such a result. Furthermore, Pa.R.C.P. 1006(d)(1) is distinguishable from Pa.R.C.P. 1006(d)(2) which requires a hearing when parties seeking a charge of venue have alleged reasons why a fair trial can not occur in the county. The contrasting language of these subsections serves to confirm that a hearing is not required to develop a record in the case *sub judice*.

Review of the record indicates, however, there was an adequate factual basis for Judge White to have made his decision. In fact, the information before Judge White was virtually indistinguishable from that presented to Judge DiBona, which was later used by Superior Court to finally determine not to transfer the action to Montgomery County. Furthermore, in contrast to Superior Court's determination that there was limited information in the petition and answer, review of the record reveals that both of those documents were accompanied by extensive memoranda of law. This detailed information supplied by the parties addressed each of the important considerations affecting their interests. *See Fox v. Pennsylvania Power and Light Co.*, 315 Pa.Super. 79, 461 A.2d 805 (1983) (ease of access to the sources of proof; availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of witnesses; the possible need for a view of the

premises, etc.). Because no abuse of discretion can be attributed to Judge White, it can be discerned that Superior Court merely substituted its own judgment for that of Judge White. *See Iole v. Western Auto Supply Co.*, 352 Pa.Super. 528, 508 A.2d 600 (1986).

*Id.*, 521 Pa. at 523–24, 556 A.2d at 834–35 (Concurring and Dissenting Op., Zappala, J.).

The majority in this case apparently would require discovery and hearings to determine what was already on the record by means of pleadings and affidavits. As explained by the dissenting justices in *Okkerse*, the trial court had before it sufficient facts to decide the issue of conformance and the trial judge's disposition was based on a careful consideration of all relevant factors. At any rate, the *Okkerse* majority did not rule against change in venue but remanded to the trial court to rule on the confused Orders and to make a ruling on the consolidated petitions.

A review of the pleadings, affidavits of witnesses and briefs of the parties in this case compels a finding that the trial court properly weighed all the factors involved in a decision to transfer venue and was not guilty of an abuse of discretion which warrants reversal. The court considered the private interests and the public interests. In making his analysis clearly supported by the record, the trial court stated:

> Here, plaintiff was not injured in Philadelphia County. Plaintiff was not a resident of Philadelphia County. The cause of action arose on the Bucks County and Montgomery County line. There are numerous witnesses who may be called to testify—none of whom have been identified as a resident of Philadelphia. The majority of these witnesses hail Montgomery County, or counties other than Philadelphia. The only connection that this case has with Philadelphia County is the presence of plaintiff, Allen W. Rubin, administrator of the Estate of Stephen [sic] DiLeonardo, and the presence of the corporate defendants.

(Slip Op., Cohen, J., 1/31/94, p. 7.)

In their briefs, the corporate defendants concur in the court's decision of changing venue in that their true contacts

with this case are in Bucks County and only incidentally in Philadelphia. The court went on to say:

> In light of the venue of all the witnesses, and the various factors presented by both movants and respondent in their respective filings, this Court concludes that the Bucks County forum will be less costly and will make the attendance of willing witnesses easier. There simply are insufficient contacts with Philadelphia presented here to oblige this court to maintain this case in Philadelphia.

(Slip Op. at 8.)

As to the public interest which the court must also consider, the court stated:

> There presently exists a substantial backlog of civil cases in the Philadelphia Common Pleas Court system. As noted by the court in *Dallas v. Orthopedic Associates, et al.*, 22 Phila. 286 (1991):
>
> > Perhaps the most compelling fact at this point in time is the public interests that have to be considered when a case is transferred for having insufficient contacts with a jurisdiction. If we were to allow these types of actions to be brought in Philadelphia's already congested courts instead of being handled where they originated, it will compound an already overwhelmed legal system. Also, jury duty is a burden that ought not be imposed on people of a community which has no relationship to the litigation. (citations omitted). It is impossible to ignore the overwhelming burden that presently exists in the Philadelphia Court of Common Pleas with approximately 45,000 civil cases pending. *Boyle v. Chester Cty. Mut. Ins. Co., et al.*, 21 Phila. 1 (1990); see also [*Incollingo v. McCarron*, 416 Pa.Super. 419, 427, 611 A.2d 287, 291 (1992)].
>
> Transfer of this case alone will not alleviate the backlog that now exists in the Philadelphia Courts of Common Pleas, but it is a step that must be taken.

(Slip Op. at 8.)

The majority dismisses this concern required by the rules and a long history of case precedents by turning the develop-

ment of the law on *forum non conveniens* on its head and despite matters placed on the record through pleadings and affidavits, requires record proof of claimed hardship, ignoring the time honored role of the trial court in making that determination rather than accepting the trial lawyer's allegation that it was not made.[3] The majority gives greater weight and effect to the plaintiff's selection of the forum and reduces the trial court's discretion to decide if fairness requires a change of venue to a minor role. To the contrary, while a plaintiff's selection of a forum is entitled to weighty considerations, it is not unassailable and the availability of a *forum non conveniens* challenge is a necessary counterbalance to insure fairness and practicability. *Ernest v. Fox Pool Corp.*, 341 Pa.Super. 71, 491 A.2d 154 (1985). In such cases, the standard of abuse of discretion applies, allowing the trial court considerable discretion. *Purcell, supra,* 525 Pa. 237, 579 A.2d 1282.

The failure of the majority to recognize this balance is best illustrated by its statement:

If this court is to be faithful to the notion that a plaintiff's choice of forum is entitled to weighty consideration, then at the very least, we should be enforcing the requirement that the party seeking to change that venue fulfill its heavy burden with *record proof* of the claimed hardships. In the absence thereof, it appears that the *forum non conveniens* transfer has become nothing more than a docket-clearing device.

(Majority at 8.)

The majority has clearly created an imbalance in the process that despite overwhelming evidence of record that Philadelphia has no interest or relationship to the cause of action in this case, except in the most incidental way, the defendant must *prove* it is a severe hardship to travel to Philadelphia when such hardship is clear from facts as determined by the trial judge. The ruling by the majority, if sustained, means that henceforth, the plaintiff's choice of a forum is unassailable

---

3. I am not certain how record proof is to be established to the satisfaction of the majority if the record as it exists at the time of the petition to change venue is not to be considered.

unless involved and expensive hearings are held to establish *proof* of hardship beyond that which is ascertainable in an expeditious manner from the record by a competent trial judge in accordance with the rules and case law. Plaintiffs will determine jurisdiction and venue, and trial courts will be rendered powerless to implement the doctrine of fairness and balance, without further burdening the court and the litigants with hearings and discovery which the majority would require to prove hardship. In the meantime, it renders the standard that the ruling of a trial judge shall not be set aside, absent an abuse of discretion, meaningless, thereby placing control of the court's docket and decisions as to venue primarily within the control of the plaintiff. This is no idle exercise as to where justice is to be rendered on the assumption that the result will be the same regardless of venue. Philadelphia has been a black hole into which cases arising in all of the contingent counties (and states) have been drawn to the point of breakdown of the Philadelphia system. This fact has received national recognition as recently as the January 30, 1995 issue of **U.S. News and World Report** in its cover story titled *How Lawyers Abuse the Law.* In a devastating attack on the way law is practiced in this country, which has led to a strong political movement to curb certain practices, the article pinpointed Philadelphia as a problem area. Under the sub-heading, "Epidemic of injustice," the article states:

> From 1980 to 1989, as accident rates fell, the number of property-damage claims brought per million miles driven fell 12 percent. With cars getting safer, bodily-injury rates should have dropped even faster. Instead, the rate of bodily-injury claims rose 15 percent. *In some hotbeds of tort litigation, such as Philadelphia, there were 75 bodily-injury claims filed for every 100 claims of damage to cars—versus a mere 16 per 100 in Pittsburgh.* These same places tend to have high rates of claims filed against munici-palities. Some of this has to do with the more generous juries often found in low-income inner-city areas, but a lot has to do with nothing more than a concentration of law-yers.

18

Stephen Budiansky with Ted Gest and David Fischer, *How Lawyers Abuse the Law,* **U.S. News and World Report,** Jan. 30, 1995, p. 56 (emphasis added). The trial judges of Philadelphia are in the best position to determine if selection of Philadelphia as the proper forum meets the test of fairness, and it is an unjustified criticism of the Philadelphia judiciary to infer they use venue petitions as a docket clearing mechanism. Without judicial supervision and monitoring of case filings, the crisis facing the courts coupled with the full scale attacks against the legal profession will result in the dismantling of the practice of law as we now know it.

I would affirm the Order of Judge Cohen.