664 A.2d 168

**Debra K. KEUTHER and Norman Keuther, H/W, Appellants,**

**v.**

**Alan I. SNYDER, M.D. and Marvin Loev, M.D. and Chanchi Lee, M.D. and OB/GYN Associates, Inc. and St. Mary's Hospital, Appellees.**

Superior Court of Pennsylvania.

Argued June 15, 1995.

Filed Aug. 30, 1995.

Jay R. Levenberg, Philadelphia, for appellants.

Christine M. Dryer, Plymouth Meeting, for OB/GYN Associates, appellees.

David L. Grill, Philadelphia, for Chanchi Lee, M.D., appellee.

Barbara Magen, Philadelphia, for St. Mary's Hospital, appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge:

Debra and Norman Kuether appeal from an order entered in the Court of Common Pleas of Philadelphia County granting appellees' petition for change of venue to the Court of Common Pleas of Bucks County. Appellants now claim that transfer based upon *forum non conveniens* was improper for two reasons:

1. The trial court erred in transferring venue from Philadelphia to Bucks County when no facts were established of record by the moving party pursuant to Pennsylvania Rule of Civil Procedure 209.[1]

2. The trial court abused its discretion transferring this case from Philadelphia to Bucks County on the basis that Philadelphia County was inconvenient for the parties and witnesses pursuant to Pennsylvania Rule of Civil Procedure 1006(d).

After careful review, we reverse the trial court's decision and remand for proceedings consistent with this opinion.

The relevant facts of this case are as follows: Appellee, Dr. Marvin Loev, performed a cesarean section on Debra Kuether on approximately December 24, 1992, at St. Mary's Hospital in Bucks County. As a result of the procedure, Mrs. Kuether sustained tears to her bladder and brought a negligence action against appellees in the Court of Common Pleas of Philadelphia County.

Appellees filed preliminary objections to the Kuether's complaint alleging, among other things, that venue was improper due to lack of personal jurisdiction. The lower court, after considering these preliminary objections, found that venue in Philadelphia County was not improper but that appellees were not precluded from filing a petition to transfer venue based upon *forum non conveniens.* Subsequently, appellees filed a petition to transfer venue pursuant to Pennsylvania Rule of Civil Procedure 1006 which provides for transfer of venue based upon *forum non conveniens.* Appellees alleged that the action should be transferred to Bucks County due to the fact that the parties resided in Bucks County, all witnesses resided in Bucks County and the injuries occurred in Bucks County. The petition for transfer of venue also stressed that plaintiff's would not suffer hardship by a change of venue. Appellees' petitions for transfer of venue were devoid of any allegations that litigation in Philadelphia County would be oppressive, vexatious or cause them hardship.

1. We need not address this allegation of error as we are reversing the lower court's decision on the basis of the second question.

Judge Nigro granted appellees' petition to transfer venue based upon appellees' assertions that the parties, witnesses and negligent acts had occurred in Bucks County. Judge Nigro stated that the only connection the action had with Philadelphia County was appellee Chanchi Lee, M.D.'s courtesy privileges at Hahnemann University Hospital in Philadelphia. The court's opinion also relied upon the fact that Philadelphia County courts had extremely crowded dockets and allowing the case to proceed in Philadelphia County would be inequitable to residents of Philadelphia County. The Kuether's filed a timely appeal from the order granting appellees petition to transfer venue.

Appellants now claim that the trial court abused its discretion in transferring the action from Philadelphia County to Bucks County pursuant to Pennsylvania Rule of Civil Procedure 1006(d). We agree and remand for proceedings consistent with this opinion.

Pennsylvania Rule of Civil Procedure 1006(d)(1) addresses changes of venue based upon *forum non conveniens:* "For the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." Pa.R.C.P. No. 1006(d)(1), 42 Pa.C.S.A.

■ Our standard of review in cases granting a change of venue on the basis of *forum non conveniens* is as follows: A trial judge has considerable discretion in granting a change of venue under Pa.R.C.P. 1006(d) and his or her decision will not be disturbed absent an abuse of discretion. *Wills v. Kaschak,* 420 Pa.Super. 540, 617 A.2d 37 (1992) (citations omitted). An abuse of discretion occurs when there is misapplication of the law, the judgment exercised is manifestly unreasonable, or the result of bias prejudice or ill will. *Id.* (citation omitted).

The *Wills* court also stated:

When considering a motion for change of venue, a trial court should weigh the hardships and conveniences inherent in trying the action. *Alter v. Pennsylvania Gas and Water Co.,* 110 Pa.Commw. 349, 355, 532 A.2d 913, 916 (1987),

*allocatur denied,* 521 Pa. 623, 557 A.2d 726 (1989). Although the choice of forum by a plaintiff is entitled to weighty consideration, the right of a plaintiff to choose a forum is not absolute. The forum non conveniens provision inserted to Pa.R.C.P. 1006(d) was intended as a necessary counterbalance. *Ernest v. Fox Pool Corp.,* 341 Pa.Super. 71, 75, 491 A.2d 154, 156 (1985). The rule permits a court, in its sound discretion, to transfer venue "for the convenience of parties and witnesses."

*Wills,* 617 A.2d at 38.

■    Our supreme court recently stated in *Scola v. AC & S, Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995), that a party seeking a change of venue must demonstrate, on the record, any hardships that will result from the plaintiff's choice of venue. *Id.* at 1241. The defendant must clearly adduce facts that establish oppressiveness and vexation that are out of proportion to the plaintiff's convenience. *Id., citing Okkerse v. Howe,* 521 Pa. 509, 517–18, 556 A.2d 827, 831–32 (1989).

■    Here, we find that appellees have not plead facts that satisfy the requirements of *Scola.* The main thrust of appellees' argument is that all witnesses, parties and evidence are present in Bucks County. Therefore, appellees contend, Bucks county is a more convenient forum. The record is devoid of any allegations that litigation in Philadelphia County would be oppressive or vexatious to appellees. Thus, the lower court improperly granted appellees' petition to change venue on the basis of *forum non conveniens.*

The Pennsylvania Supreme Court's holding in *Scola* reinforces our conclusion that a venue change was improper in this case. In *Scola* a number of asbestos cases were transferred from Philadelphia County to various other counties. 540 Pa. 365, 657 A.2d at 1240. The court concluded, after reviewing the record, that the defendants failed to show that a trial in Philadelphia County would be vexatious or oppressive. *Id.* 366, 657 A.2d at 1241. The only factors considered by the trial court were the large backlog of asbestos cases in Philadelphia, the defendants' residences and locations of asbestos exposure. *Id.* Our supreme court stated that "although these factors are

relevant to a change of venue determination, *Okkerse* [*v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989)] clearly requires a showing by a defendant that he or she would be unduly burdened if the trial were to take place in the plaintiff's original choice of forum." *Id.* Moreover, the court pronounced that even though there is a public interest in an uncongested judicial system, deference must be given to the plaintiff's choice of forum. *Id.* After conducting this analysis, the supreme court held that the transfer of venue had been improper and remanded the case to the trial court for further proceedings. *Id.* 368, 657 A.2d at 1242.

In the case at bar, we are presented with an almost identical situation. The lower court transferred the case from Philadelphia County to Bucks County basing its decision upon the location of the parties, the witnesses and the occurrence of the injury. Appellees' and the lower court made no mention of oppressiveness or vexatiousness that would result if the trial were held in Philadelphia County. The trial court and the appellees also relied on the fact that Philadelphia County courts had a large backlog of cases. The opinion in support of the order granting appellees' petition specifically stated:

> In the present case, plaintiff is a resident of Bucks County, the incident occurred in Bucks County and Plaintiff received treatment in Bucks County medical facilities. Defendants, Marvin Loev, M.D. and OB/GYN Associates, Inc. maintain a principal place of business in Bucks County. The only treatment plaintiff received from Loev and OB/GYN Associates related to this action was in Bucks County. Loev and OB/GYN never rendered any medical treatment to plaintiff in Philadelphia County.

> . . . Due to the heavy case load in Philadelphia County, this court has a greater obligation to give Philadelphia plaintiffs an opportunity to have their cases heard in their own county in as timely a manner as possible.

(Trial Court Opinion at 3, 4, January 10, 1995). According to *Scola,* this is not the proper analysis to conduct in analyzing a petition to transfer venue on the basis of *forum non conveniens.* In light of the foregoing, we conclude that the lower

court committed an error of law in granting appellees' petition to transfer venue. Therefore, we remand the case to provide appellees with the opportunity to establish facts that litigation in Philadelphia County would be oppressive or vexatious.

Order reversed. Jurisdiction relinquished.