672 A.2d 1341

**Sheila J. FORMAN, Executrix of the Estate of Mark Forman, Deceased and Sheila J. Forman In Her Own Right, Appellant,**

**v.**

**Morris ROSSMAN, D.O., Andrew C. Friedman, Regional Internal Medicine Associates, Ltd., Larry Cohen, M.D., Delaware Valley Medical Center, Delaware Valley Radiology, R. Zeit, M.D., and Bensalem Rescue Squad, Inc.**

Superior Court of Pennsylvania.

Argued Nov. 2, 1995.

Filed March 12, 1996.

36

---

Eugene D. McGurk, Jr., Philadelphia, for appellant.

Andrew J. Gallogly, Philadelphia, for Bensalem Rescue Squad, appellee.

Wendy B. Kaliner and Amy Snell, Philadelphia, for Delaware Valley Medical Center, Delaware Valley Radiology and Zeit, appellees.

Before ROWLEY, P.J.,* and CAVANAUGH,** WIEAND, McEWEN, CIRILLO, DEL SOLE, BECK, JOHNSON and HOFFMAN, JJ.

CIRILLO, Judge.

Sheila J. Forman appeals from an order entered by the Court of Common Pleas of Philadelphia County granting a petition to transfer this medical malpractice action to Bucks County pursuant to Pa.R.C.P. 1006(d)(1). We affirm.

Sheila J. Forman filed a complaint in Philadelphia County seeking to recover damages for injuries that allegedly resulted from several medical providers' negligent treatment of her husband, Mark Forman (the decedent). After filing its answer, one of the medical providers, Delaware Valley Medical Center, filed a petition to transfer the action to Bucks County based upon the doctrine of *forum non conveniens*.[1] In its petition, the medical center alleged that Bucks County would be a more convenient forum for this action because all of the parties and a vast majority of witnesses and sources of proof are located in that county. The medical center further averred that trial in Bucks County would be less disruptive to the medical providers' practices because that county is "more accessible" than Philadelphia County. In addition, the medical center contended that public interest in the speedy resolution of civil litigation would be served by transfer of this action to Bucks County because that court's docket is less congested than the Philadelphia County docket. In response, Forman filed an answer alleging that several of the medical providers maintain offices in Philadelphia and that the decedent died in Philadelphia. The trial court granted the medical center's

---

* ROWLEY, P.J., did not participate in the consideration or decision of this case.

** CAVANAUGH, J., did not participate in the voting or disposition of this case.

1. Defendant Bensalem Rescue Squad was the first party to object to plaintiff's choice of forum. The squad filed preliminary objections contending that Bucks County was the only proper venue for the filing of the suit. Before the objections were decided, however, the medical center filed its petition to transfer pursuant to Pa.R.C.P. 1006(d)(1).

petition to transfer the action. Forman now appeals and asks this court to determine:

[If] the order of transfer entered by the trial court of the Philadelphia Court of Common Pleas [was] improper and unsupported by evidence in the record?

■ Our standard of review in an appeal from an order granting a transfer based upon the doctrine of *forum non conveniens* is whether the trial court committed an abuse of discretion. *German v. AC & S, Inc.*, 430 Pa.Super. 497, 635 A.2d 159 (1993), *rev'd on other grounds*, 540 Pa. 353, 657 A.2d 1234 (1995). A trial judge has great discretion in reviewing petitions to change venue based upon *forum non conveniens*, on appeal the Superior Court only needs to determine whether the trial judge abused that discretion. *McCrory v. Abraham,* 441 Pa.Super. 258, 657 A.2d 499 (1995) (citations omitted). "An appellant must show that in reaching a conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will." *Id.* (citation omitted).

Appellants rely upon *Scola v. AC & S, Inc.*, 540 Pa. 353, 657 A.2d 1234 (1995), to advance the argument that the trial court improperly granted a petition to transfer the venue of this case to Bucks County. In *Scola*, the party opposing the trial court's transfer of venue of consolidated asbestos cases claimed that the trial court invoked improper transfer procedures in order to determine that a different venue would be appropriate for the disposition of the cases. On review from this court, the Pennsylvania Supreme Court determined that the trial court not only failed to consider whether the original venue was "oppressive and vexatious," but, in fact, merely considered the location of the asbestos exposure, the residences of the appellees, and the congestion of the Philadelphia court system when it ordered that the cases be transferred.

The supreme court's decision in *Scola* relies primarily on the premise, enunciated in *Okkerse v. Howe*, 521 Pa. 509, 556 A.2d 827 (1989), that when a defendant petitions for a change of venue, the defendant must "clearly adduce facts that estab-

lish such oppressiveness and vexation to a defendant as to be out of all proportion to the plaintiff's convenience." In sum, the *Scola* court, found that the trial court's transfer of venue analysis

> failed to articulate a specific basis upon which we may conclude that Appellees have demonstrated that trial in another county would provide easier access to witnesses or other sources of proof. Additionally, we are unable to find any evidence in the record that would allow us to independently reach this conclusion.

*Scola*, 540 Pa. at 368, 657 A.2d at 1241–42.

■ It is well established that a plaintiff's choice of forum is not unassailable. Pennsylvania Rule of Civil Procedure 1006 states, in part:

> **(d)(1)** For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

In addition, the legislature has adopted the doctrine of *forum non conveniens* in order to move a case to a different forum when defendants demonstrate that they fairly and practically deserve a change in the venue of a case. *See* Pa.R.C.P. 1006(d)(1); 42 Pa.C.S.A.Rule 1006. The law of *forum non conveniens* states that a plaintiff should not be deprived of his or her choice of forum unless the defendant:

> [c]learly adduces facts that *either* (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience *or* (2) make a trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Incollingo v. McCarron*, 416 Pa.Super. 419, 423, 611 A.2d 287, 289 (1992) (citations omitted) (emphasis added); 42 Pa. C.S.A.Rule 1006.

■ In assessing prong two of the *Incollingo* test, courts must:

> [c]onsider those elements which affect the private interests of the litigants which include: the relative ease of access to

sources of proof, availability of compulsory process for attendance of unwilling [witnesses], and the cost of obtaining attendance of unwilling witnesses; possibility of view of the premises if a view would be appropriate to the action and all other practical problems that make trial of a case easy, expeditious and inexpensive. . . . The court *must* also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation. . . .

*Incollingo* at 423, 611 A.2d at 289 (citation omitted) (emphasis added). If the balance of these above factors weighs heavily in the defendant's favor, then the plaintiff's forum choice may be disturbed. *Rini v. N.Y. Central R.R. Co.,* 429 Pa. 235, 239, 240 A.2d 372, 374 (1968). Additionally, it has been held that the burden on the defendant in proving the necessity of *forum non conveniens,* due to hardship, must be made **on the record.** *Okkerse, supra* (holding that when party seeking transfer substantiates change of venue by merely alleging "hardship," and where such allegations have been specifically denied in plaintiff's answer, superior court properly reversed grant of motion to transfer case's venue due to inadequate record upon which to sustain motion). Finally, before a court can order a transfer of venue, the court must determine that "transfer is more convenient for *both* parties to the action *or* for the witnesses." *Nicolosi v. Fittin,* 434 Pa. 133, 135, 252 A.2d 700, 701 (1969) (emphasis in the original) (emphasis added); *Petty v. Suburban General Hospital,* 363 Pa.Super. 277, 281, 525 A.2d 1230, 1232 (1987).

In *Scola,* the supreme court not only determined that the defendants had not proven that trial in the original forum would be "vexatious and oppressive," but the court also modified the holding of *Incollingo, supra. Scola* clarified the fact that transfer of a case under the second prong of the *forum non conveniens* test requires more than a mere showing or allegation that there is heavy congestion in the court system of the original forum. While public concern of court backlogs is undoubtedly *one* factor in a trial court's determination of

transferring a case, it is not the *only* factor which would be strong enough to warrant a transfer of venue.

█ Although a defendant must bear a heavy burden in proving that the doctrine of *forum non conveniens* should be invoked, the defendants in the case at hand have clearly met this burden. *Cf. Rubin v. Lehman,* 443 Pa.Super. 1, 660 A.2d 636 (1995) (decided nine days after *Scola,* reversed transfer of case's venue because party seeking venue change did not develop support its petition to transfer the case with record evidence which would bear its burden of proving hardship); *Keuther v. Snyder,* 444 Pa.Super. 468, 664 A.2d 168 (1995) (where appellees did not establish improper venue existed because they failed to adduce facts that established oppressiveness and vexation that were out of proportion to the plaintiff's convenience, trial court's transfer of case, from Philadelphia County to Bucks County, was reversed and remanded by superior court to give appellees an opportunity to establish facts that litigation in original forum would be oppressive or vexatious). Unlike the *Scola* defendants who failed to present the court with sufficient evidence to warrant transfer of venue to another county under either prong of the *Incollingo* test, the present case is factually distinguishable from *Scola,* and, as a result, warrants a different outcome. Additionally, the defendants in the case at hand do not allege court congestion as the sole factor warranting transfer of the case under prong two of the *Incollingo* test. Rather, the defendants have stated sufficient public and private interests to support their petition to transfer the venue of the case.

The facts in the case at hand, relevant to a proper determination of whether to transfer venue, are supported by the record and are as follows: the defendants all maintain offices in Bucks County, the sources of proof are located in Bucks County, the plaintiff resides in Bucks County, the plaintiff's decedent resided in Bucks County, the majority of the prospective witnesses are located in Bucks County, decedent received treatment in a Bucks County hospital regularly, and many of the medical care institutions relevant to this case are located in Bucks County. Most important to this medical

malpractice case, however, is the fact that all of the alleged improper medical care was administered to plaintiff's deceased husband in Bucks County. No acts of malpractice were alleged to have taken place in Philadelphia County. In fact, the sole connection that this case has to Philadelphia County is the fact that one office of several defendant-doctors was maintained in Philadelphia.

Absent any compelling connection to Philadelphia County, we cannot conclude that the trial judge committed an abuse of discretion in transferring this action to Bucks County based on the doctrine of *forum non conveniens*. *German supra.* The trial court balanced the facts, conducted a lengthy analysis of the relevant factors connecting the case to both counties, considered the convenience of both parties, and determined that a transfer of venue would best serve both the private interests of the parties and the public interests of the citizens and the courts of Philadelphia. *Nicolosi, supra.* Because the balance of factors weighed heavily in the defendants' favor, *Rini, supra,* it was proper for the trial judge to determine that the case should be transferred. *Incollingo, supra.*[2]

Order affirmed.

JOHNSON, J., files a dissenting opinion, in which McEWEN and DEL SOLE, JJ., join.

JOHNSON, Judge, dissenting:

Because I find that the medical center has not demonstrated on the record that trial of this matter in Philadelphia County would be oppressive, vexatious, or cause undue hardship, as required by the recent supreme court case of *Scola v. AC & S,*

---

2. By way of dicta, I feel that it is important to note that the most recent court reports from Bucks County indicate a one-year backlog before civil cases are tried. The most recent report from Philadelphia County, however, indicates that there was a four-year backlog of such ¨cases. Because we may take judicial notice of these respective backlogs, so long as this is not the sole reason for transferring a case, we find this to be another compelling reason why the case should be transferred to Bucks County. Recognizing this court congestion would ultimately serve to put an end as soon as possible to protracted litigation, i.e., the ultimate goal of all courts. *See Rubin v. Lehman,* 443 Pa.Super. 1, 15–18, 660 A.2d 636, 644–45 (1995) (Tamilia, J., dissenting opinion).

*Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995), I must respectfully dissent.

Pursuant to Pa.R.C.P. 1006(d)(1), "[f]or the convenience of parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought." On appeal from an order granting a petition to transfer, this Court may not disturb such an order absent an abuse of discretion. *Rubin v. Lehman,* 443 Pa.Super. 1, 3–5, 660 A.2d 636, 638 (1995). " '[I]f the trial court has not held the defendant[ ] to [the] proper burden or has clearly erred in weighing the factors to be considered, the equivalent of an abuse of discretion has been demonstrated.' " *Petty v. Suburban Gen. Hosp.,* 363 Pa.Super. 277, 282, 525 A.2d 1230, 1232–33 (1987), quoting *Reyno v. Piper Aircraft Co.,* 630 F.2d 149, 160 (3d Cir.1980), *rev'd on other grounds,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

The United States Supreme Court has stated:

Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative and legal problems.

*Koster v. Lumbermens Mut. Casualty Co.,* 330 U.S. 518, 524, 67 S.Ct. 828, 831–32, 91 L.Ed. 1067, 1074 (1947). In 1980, the United States Court of Appeals for the Third Circuit adopted these principles and further explained that "court[s] must balance these private and public interest factors, '[b]ut unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.' " *Reyno, supra,* at 159, quoting *Gulf Oil Co. v. Gilbert,* 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062 (1947). Subsequently, our state courts have adopted the standards set forth in *Koster*

and *Reyno* and have applied them to cases in which there are more than two parties. *Scola, supra; Okkerse v. Howe,* 521 Pa. 509, 556 A.2d 827 (1989); *Incollingo v. McCarron,* 416 Pa.Super. 419, 611 A.2d 287 (1992). " 'Thus, the party seeking a change of venue bears a heavy burden in justifying the request, and it has been consistently held that this burden includes the demonstration *on the record* of the claimed hardships.' " *Scola, supra,* at 367, 657 A.2d at 1241, quoting *Okkerse, supra,* at 518, 556 A.2d at 832.

In *German v. AC & S, Inc.,* 430 Pa.Super. 497, 635 A.2d 159 (1993), a panel of this Court considered whether the trial court erred in its disposition of twenty-one asbestos-related cases. In eleven of those appeals, we determined that the trial court erred in dismissing the plaintiffs' complaints and directing them to re-file in New Jersey. In the remaining ten appeals, we considered whether the trial court erred in granting petitions to transfer the actions from Philadelphia County to three neighboring counties. In regard to those ten appeals, we concluded that the trial court had properly transferred the cases. In doing so, we stated that the trial court

> considered the various elements affecting the private interests of the parties, including current residence, location of exposure, work history, witness location, and sources of proof. The trial court also considered the public interest factors, the most important of which was increasing court congestion created by ... asbestos cases. The trial court weighed these various factors and determined that the public interest factors weighed heavily in favor of transferring these cases.

*Id.* at 516–17, 635 A.2d at 169. Because we found no abuse of discretion, we affirmed the order transferring those ten cases. *Id.* However, four of those ten plaintiffs appealed to our supreme court, arguing that the trial court had failed to accord sufficient deference to their choice of forum. The supreme court agreed, and, in *Scola, supra,* reversed that portion of *German* which upheld the transfer of those cases on *forum non conveniens* grounds. In doing so, the court explained that a party who seeks a change of venue must

demonstrate, on the record, that he or she would be unduly burdened or suffer hardship if the trial were to take place in the plaintiff's choice of forum. *Id.* at 366–68, 657 A.2d at 1241. The court stated that, although factors such as court congestion are relevant to a determination whether to transfer a case, the court must also give deference to the plaintiff's choice of forum. *Id.* Thus, the court concluded that the trial court abused its discretion in ordering the cases to be transferred "where there [was] no showing on the record by [defendants] as to how trial in Philadelphia County would prove oppressive or vexatious." *Id.*

The Majority concludes that the present case is factually distinguishable from *Scola* because the medical center "ha[s] stated sufficient public and private interests to support [its] petition to transfer the ... case." Majority op. at 41. I disagree. Here, the trial court granted the medical center's petition to transfer the action based upon the medical center's assertions that the parties and a majority of the witnesses and sources of proof are located in Bucks County, and that the alleged negligence giving rise to the action took place in Bucks County. Trial Court Opinion, dated August 29, 1994, at 4. The court further stated that the only connection the action has with Philadelphia County is that some of the medical providers do business there. *Id.* In addition, the court relied on the fact that Philadelphia County courts have extremely crowded dockets and that trial in Philadelphia County would be inequitable to that county's residents. *Id.* at 5. These factors are strikingly similar to those cited by this Court in *German, supra,* where we affirmed the transfer of ten cases on *forum non conveniens* grounds. Although this Court found no abuse of discretion in the trial court's determination, the supreme court, in *Scola,* reversed our decision. Here, as in *Scola,* the trial court did not find, nor did the medical center demonstrate, that trial in Philadelphia County would be oppressive, vexatious, or cause the medical center undue hardship. As previously stated, a defendant is required to support his petition to transfer with record evidence. *See Scola, supra; Okkerse, supra; Rubin, supra.* Although the Majority states that the facts alleged by the medical center are sup-

ported by the record, neither the Majority nor the trial court provide citations to any record evidence that supports those allegations. In fact, the medical center did not file affidavits, take depositions, or establish any record evidence whatsoever to support its petition. *Scola* clearly states that it is an abuse of discretion to grant a petition to transfer an action where there has been no showing on the record that trial in the original forum would prove oppressive or vexatious. *Scola*, at 366–68, 657 A.2d at 1241. Further, it is the function of this Court "to maintain and effectuate the decisional law of [our supreme court] as faithfully as possible." *Commonwealth v. Dugger*, 506 Pa. 537, 545, 486 A.2d 382, 386 (1985). Thus, following the dictates of *Scola*, I must conclude that the trial court abused its discretion in ordering transfer of this matter, as it failed to hold the medical center to the proper burden. *Petty, supra* (where court does not hold defendant to proper burden, an abuse of discretion has been demonstrated). *See also Keuther v. Snyder*, 444 Pa.Super. 468, 664 A.2d 168 (1995) (trial court abused its discretion in transferring the action where it based its determination on defendant's assertions that the parties, witnesses and evidence were all located in Bucks County, that the accident occurred in Bucks County, that the Philadelphia County courts had extremely crowded dockets, and that allowing the case to proceed in Philadelphia County would be inequitable to residents of that county, because the record was devoid of any mention that trial in Philadelphia County would be oppressive, vexatious, or cause defendants hardship); *Rubin, supra*, at 7, 660 A.2d at 639 ("the lack of any record regarding private factors clearly serves to negate any meaningful balance of public and private factors to determine if they weigh so strongly in favor of the moving party as to warrant disturbing the plaintiff's choice of forum").

Based upon the foregoing, I would reverse the order granting the petition to transfer the action and remand this case to the Court of Common Pleas of Philadelphia County. Hence, this dissent.

McEWEN and DEL SOLE, JJ., join.