## Kobernik v. Kim

*Daniel Belov,* for plaintiffs.
*Michael J. Olley,* for defendants.

HERRON, *J.,* April 22, 1996—

## INTRODUCTION

This case arises from a motor vehicle accident that occurred in Montgomery County. The central issue is the appropriateness of this court's February 22, 1996 order granting defendant Young Tae Kim's petition to transfer venue from Philadelphia County to Montgomery County on the grounds of forum non conveniens under Pa.R.C.P. 1006(d). In support of his petition, defendant asserts that defending this action in Philadelphia County would be prejudicial, burdensome and expensive because the case is more logically connected with Montgomery County than with Philadelphia County.[1] In particular, defendant Kim emphasizes that the motor

---

1. Defendant Young Tae Kim's petition to transfer venue pursuant to Pa.R.C.P. 1006(d)(1) ¶¶6 & 13.

vehicle accident at issue in this case occurred in Montgomery County; the plaintiffs reside in Montgomery County; the injured plaintiff received her initial and subsequent medical treatment in Montgomery County; the relevant medical and fact witnesses would be from Montgomery County; defendant Kim is a resident of New York; and co-defendant, Insoo Yoo, no longer lives in the United States.[2]

For the reasons set forth below, this motion was granted by order dated February 22, 1996.

## FACTUAL BACKGROUND

On August 1, 1995, plaintiffs Ashley and Oleg Kobernik, husband and wife, filed a complaint in Philadelphia County seeking damages for injuries incurred by plaintiff Ashley Kobernik in a motor vehicle accident that occurred on August 21, 1994. Plaintiff husband sought damages for loss of consortium. The accident occurred in the vicinity of Huntingdon Pike and Philmont Roads in Montgomery County. The complaint named two defendants: Young Tae Kim and Insoo Yoo. It alleged that Yoo was a resident of Philadelphia and that Kim resided in New York. It also alleged that defendant Yoo owned the automobile involved in the accident but that defendant Kim was operating it when the accident occurred.[3]

Defendant Kim filed preliminary objections asserting lack of in personam jurisdiction, lack of subject matter jurisdiction and improper venue. Upon consideration of these preliminary objections and the plaintiffs' re-

---

2. Defendant's petition to transfer ¶¶1, 2, 4, 5, 7, 8, 10.

3. See complaint, *Kobernik v. Young Tae Kim and Insoo Yoo,* Phila. C.C.P. July term 1995, no. 3997 ¶¶1-7.

sponse thereto, they were overruled by Judge Lehrer by order dated October 17, 1995.

Defendant Young Tae Kim thereafter filed an answer and new matter on January 2, 1996. According to the docket entries, defendant Insoo Yoo filed neither an answer nor an entry of appearance. Defendant Young Tae Kim subsequently filed the instant petition to transfer venue from Philadelphia to Montgomery County on the grounds of forum non conveniens pursuant to Pa.R.C.P. 1006(d)(1).

## DISCUSSION

Defendant Kim argues that this case should be transferred from Philadelphia to Montgomery County because otherwise his defense will be prejudiced by the burden and expense of conducting discovery and any trial in Philadelphia. Defendant's petition at ¶6. In support of this argument, defendant emphasizes that both plaintiffs reside in Montgomery County. The motor vehicle accident at issue took place in that county. Hence, any viewing of the accident scene would be easier and less expensive if the case were tried in Montgomery County. After the accident, plaintiff Ashley Kobernik was treated at a medical center in Montgomery County and her follow-up medical treatment was by Dr. Peter Giammanco, a physician who maintained an office in that county. These medical witnesses, as well as any fact witnesses who may have observed the accident, would be inconvenienced by attending a hearing or trial in Philadelphia.[4]

---

4. Defendant's petition to transfer ¶¶1-8. Plaintiff responds to these assertions by noting, inter alia, that this case is scheduled for an arbitration. Plaintiffs' response to defendant's petition ¶6. Yet as the plaintiffs suggest in stating "no jury will even be involved in the

The defendants, likewise, have no meaningful contact with the Philadelphia forum. Defendant Kim is a New York resident. He maintains that defendant Yoo no longer lives in the United States and that plaintiffs have yet to effect service on defendant Yoo.[5] Although plaintiffs, pursuant to a court order, served defendant Yoo by ordinary mail and certified mail,[6] a review of the docket entries indicates that defendant Yoo has neither entered his appearance, filed preliminary objections nor answered the complaint. Defendant Kim does not address in this petition the allegation in the complaint that he was operating the automobile at the time of the accident.[7]

The Pennsylvania Supreme Court has emphasized that under the Pennsylvania Rules of Civil Procedure, a plaintiff has a choice of options as to where to file suit and a plaintiff's choice of forum "is entitled to weighty consideration." *Okkerse v. Howe,* 521 Pa. 509, 517, 556 A.2d 827, 832 (1989), *appeal denied,* 529 Pa. 651, 602 A.2d 861 (1992). But, the *Okkerse* court observed, "[the] plaintiff's choice of forum is not unassailable and the availability of a *forum non conveniens* challenge is a necessary counterbalance to insure fairness and practicality." *Id.* at 518, 556 A.2d at 832. (emphasis in original) Pa.R.C.P. 1006(d)(1) provides

---

matter *absent an appeal from arbitration,*" an appeal from arbitration is always possible. See Pa.R.C.P. 1308-13.

5. Defendant's petition ¶¶5 & 10.

6. See plaintiffs' supplemental brief & supporting exhibits.

7. For the allegation that defendant Kim was operating the motor vehicle at the time of the accident, see Kobernik complaint ¶5. In his preliminary objections, defendant Kim asserted that he was the operator of the motor vehicle as well as its owner since he had purchased it prior to the accident. Defendant Young Tae Kim's preliminary objections ¶¶3 & 4.

that "for the convenience of parties and witnesses the court upon petition may transfer an action to the appropriate court of any other county where the action may have been brought." Nonetheless, the party seeking a change of venue under this rule bears a heavy burden. *Scribner v. Mack Trucks,* 427 Pa. Super. 71, 76, 628 A.2d 435, 437 (1993), *appeal denied,* 537 Pa. 623, 641 A.2d 508 (1994).

A forum non conveniens analysis is inherently fact specific. This is because the party seeking a change of venue must present facts that "establish such oppressiveness and vexation to a defendant as to be out of all proportion to [a] plaintiff's convenience." *Forman v. Rossman,* 449 Pa. Super. 34, 39, 672 A.2d 1341, 1343 (1996). In determining whether a defendant has met this burden, courts consider, inter alia, the following factors:

"[T]he relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *McCrory v. Abraham,* 441 Pa. Super. 258, 262, 657 A.2d 499, 501 (1995). (citations omitted)

Defendant Kim offers numerous factual reasons for why this case should be transferred to Montgomery County—but the essence of his argument is that there is nothing to link this action to Philadelphia County except for a "phantom" defendant, Yoo, who has yet to make any appearance on the docket in response to the complaint. As previously noted, the plaintiffs reside in Montgomery County and the motor vehicle accident occurred there. The plaintiff was initially treated in

a medical center in Montgomery County and her follow-up care was provided by a Montgomery County physician. Any medical or fact witnesses would thus be from Montgomery County. The only link to Philadelphia is the named defendant, Insoo Yoo, but according to defendant Kim, defendant Yoo has left the United States. Plaintiffs argue in response, that pursuant to a court order, they served defendant Yoo by first class mail to his prior Philadelphia address. Defendant Kim responds, however, that he is the only viable defendant—residing in New York—since defendant Yoo is no longer in the United States.

There are numerous cases in which Pennsylvania courts when confronted with similar facts granted petitions to transfer under Pa.R.C.P. 1006. In *Scribner v. Mack Trucks, supra,* a case was transferred from Northampton to Lehigh County where the record showed that the plaintiff's slip and fall accident occurred in Lehigh County, the plaintiffs lived in Lehigh County and all witnesses lived and worked there. Similarly, in *McReynolds v. Benner Township et al.,* 118 Pa. Commw. 215, 544 A.2d 566 (1988), *appeal denied,* 525 Pa. 650, 581 A.2d 575 (1990), a case involving an accident between a motor vehicle and motorcycle was transferred to Centre County where the plaintiff and witnesses resided, police and rescue personnel were present, the allegedly defective motorcycle had been repaired, and plaintiff had received initial medical treatment. In *Brown v. Delaware Valley Transplant Program,* 371 Pa. Super. 583, 538 A.2d 889 (1988), a case involving the allegedly improper removal of body parts from a gunshot victim was transferred from Philadelphia to Chester County. In so doing, the court emphasized that the sources of proof were overwhelmingly located

in Chester County, the gunshot victim was found in Chester County, the transplant medical facility was in that county and most of the witnesses were located there.

Another case in which the court emphasized factors similar to those outlined by defendant Kim is *Vogel v. National Railroad Passenger Corp.,* 370 Pa. Super. 315, 536 A.2d 422 (1988). In *Vogel,* the wrongful death case of a man killed when an Amtrak train collided with his automobile was transferred from Philadelphia to Lancaster County. The court in doing so noted that the decedent had resided in that county, the accident occurred there and potential witnesses and investigating police personnel were located there. The only link to Philadelphia was that one of the defendants maintained an office there. *Id.* at 319, 536 A.2d at 425. Likewise, in *Fox v. Pennsylvania Power & Light Co.,* 315 Pa. Super. 79, 461 A.2d 805 (1983), a case was transferred from Philadelphia to Luzerne County after the court analyzed such factors as the location of the accident, the county of residence of the plaintiff's decedent and the location of fact witnesses.

The plaintiffs Kobernik suggest, however, that this precedent is outdated in light of such recent opinions by the Pennsylvania Supreme and Superior Courts as *Keuther v. Snyder,* 444 Pa. Super. 468, 664 A.2d 168 (1995) and *Scola v. AC & S Inc.,* 540 Pa. 353, 657 A.2d 1234 (1995). It is, of course, essential to apply these key cases in analyzing the present forum non conveniens motion. In addition, other recent cases such as *McCrory v. Abraham, supra* and *Forman v. Rossman, supra* are relevant to our analysis.

Plaintiffs argue that under *Scola, supra,* "defendant must show that conducting the trial in the plaintiff's

choice of forum would be 'oppressive and vexatious.'" Plaintiffs' brief at 2. To establish this "vexatious and oppressive" quality, defendant must necessarily focus on the relevant facts. Significantly, the facts of *Scola* differ in key ways from the facts of the *Kobernik* case. In *Scola,* a trial court granted an omnibus motion to transfer 25 asbestos cases filed during 1986 and 1987. In reversing this transfer, the Pennsylvania Supreme Court expressed concern that the trial court failed to give sufficient deference to the plaintiff's choice of forum in its concern with the public interest of alleviating court congestion. It criticized the court for failing to consider whether the choice of forum would be unduly "oppressive or vexatious." *Id.* at 368, 657 A.2d at 1241. In the instant case, defendant Kim has specifically asserted that presenting his defense in Montgomery County would cause him to "be prejudiced in his defense of this case because of the burden and expense to both willing and unwilling witnesses and the expenses involved in conducting discovery and trial of the instant case in Philadelphia County." Defendant's petition ¶6. As mentioned above, defendant Kim also presented key facts as to the residence of the plaintiffs, the location of the accident, the location where plaintiff received medical treatment and the possibility of viewing the accident scene.

The plaintiffs also rely on *Keuther v. Snyder, supra,* for the proposition that defendants seeking transfer must show that plaintiff's forum is "oppressive." They neglect, however, to explore its facts and rationale. In *Keuther,* the Superior Court concluded that a medical malpractice case was improperly transferred from Philadelphia to Bucks County. In explaining its ruling, the

court noted that the petition to transfer "[was] devoid of any allegations that litigation in Philadelphia County would be oppressive, vexatious or cause them hardship." *Id.* at 470, 664 A.2d at 169. The *Keuther* court was also concerned that the trial court's opinion relied upon the fact that "Philadelphia County courts had extremely crowded dockets and allowing the case to proceed in Philadelphia County would be inequitable to residents of Philadelphia County." *Id.* at 471, 664 A.2d at 169.

Defendant Kim, in contrast, has outlined facts demonstrating why the Philadelphia forum would be burdensome, expensive and prejudicial. This factual scenario is strikingly similar to that set forth in *McCrory v. Abraham, supra,* which was filed on March 9, 1995 with a rehearing denied on May 22, 1995—after *Scola* was handed down by the Pennsylvania Supreme Court. The Superior Court in *McCrory* concluded that a motor vehicle accident case was properly transferred from Philadelphia County to Monroe County on a motion of forum non conveniens. The court noted that there were ample "personal factors" mandating transfer: the accident occurred in Monroe County; the plaintiff received his medical treatment there; and most of the fact witnesses and investigating police officers were located in that county. One significant way in which *McCrory* differs from the Kobernik case is that the plaintiff was a Philadelphia resident after the complaint had been filed and there was some dispute as to where he had resided at the time of the accident. *McCrory, supra* at 263-64, 657 A.2d at 502. Nonetheless, the Superior Court held that this transfer of venue was proper.

Likewise, in the extremely recent case of *Forman v. Rossman, supra,* the Pennsylvania Superior Court

affirmed the transfer under Pa.R.C.P. 1006(d)(1) of a medical malpractice case from Philadelphia to Bucks County. The *Forman* court relied on *Scola* which it characterized as requiring a defendant seeking transfer of venue to present facts establishing "such oppressiveness and vexation on a defendant as to be out of all proportion to the plaintiff's convenience." *Forman, supra* at 39, 672 A.2d at 1343. The *Forman* court concluded that the defendants met this burden where they did not allege court congestion as the sole factor meriting transfer but instead emphasized the following factors: the defendants all maintained offices in Bucks County; the sources of proof were in that county; the plaintiff resided in that county; most of the witnesses resided there; relevant medical treatment occurred there. Finally, the court emphasized that the cause of action had occurred in Bucks County: "Most important to this medical malpractice case, however, is the fact that all the alleged improper medical care was administered to plaintiff's [decedent] in Bucks County. No acts of malpractice were alleged to have [occurred] in Philadelphia County." *Id.* at 41-42, 672 A.2d at 1344.

Similarly, in the Kobernik action the cause of action arose in Montgomery County where the accident occurred. It did not arise in Philadelphia nor do the plaintiffs reside there. Plaintiffs argue that the difference in location between Philadelphia and Montgomery County is de minimis and thus irrelevant in justifying a transfer on forum non conveniens grounds. Plaintiffs' brief at 4. The *Forman* court, however, approved the transfer of a case filed in Philadelphia to nearby Bucks County. Similarly, the Superior Court in approving the

transfer of a case from Philadelphia to Chester County in *Brown v. Delaware Valley Transplant Program, supra,* explicitly rejected the plaintiff's argument that in that case "the distance from the Chester County Courthouse to Philadelphia City Hall is only 31 miles, an impediment appellants argue does not warrant a change of venue." *Id.* at 587, 538 A.2d at 891-92. This court, likewise, rejects that argument in light of the factors defendant Kim has presented in his petition for transfer of venue on the grounds of forum non conveniens.

## CONCLUSION

For the reasons set forth above, this court issued an order dated February 23, 1996 that the petition of defendant Young Tae Kim is granted and that this action is hereby transferred to the Court of Common Pleas of Montgomery County.