Richard M. TECHTMANN and Monica Techtmann, h/w, Appellants,

v.

Roy J. HOWIE and Robert Gray's Sons, Inc., individually and t/a Gray Trucking and Gray Trucking and Scanforms, Inc. individually and t/a Scanforms Company and Scanforms Company and Modern Handling Equipment Company, individually and t/a Modern Group, Ltd. and Modern Group, Ltd. and Advance Lifts, Inc.

Superior Court of Pennsylvania.

Argued Feb. 18, 1997.

Filed April 21, 1997.

E. Douglas DiSandro, Philadelphia, for appellants.

Jonathan F. Ball, Philadelphia, for Advance Lifts, appellee.

Before CAVANAUGH, BECK and JOHNSON, JJ.

CAVANAUGH, Judge.

This is an appeal from an order which granted appellees' petition to transfer venue from Philadelphia County to Bucks County based on forum non conveniens. The only issue raised on appeal is that the trial court erred in granting a change of venue based on forum non conveniens because the defendants did not meet their burden of proof in establishing that the instant suit should not be in the plaintiffs' venue of choice and because the defendants failed to establish a record which indicates that Philadelphia County is inconvenient for all parties involved. We affirm.

In reviewing an order transferring venue under the doctrine of forum non conveniens, we determine whether the trial

court committed an abuse of discretion. *Forman v. Rossman*, 449 Pa.Super. 34, 38, 672 A.2d 1341, 1342 (1996) (en banc), *allocatur granted*, 545 Pa. 653, 680 A.2d 1162 (1996). It is well-established that a plaintiff's choice of forum is not unassailable. *Id.* Pa. R.C.P. 1006 provides:

> (d)(1) For the convenience of the parties and witnesses the court upon petition of any party may transfer an action to the appropriate court of any other county where the action could originally have been brought.

Pa.R.C.P. 1006(d)(1). Nonetheless, a plaintiff will not be deprived of his choice of forum:

> unless the defendant *clearly adduces* facts that "either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience ... or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own private and public interest factors" *[but] unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.*

*Okkerse v. Howe*, 521 Pa. 509, 518, 556 A.2d 827, 832 (1989) (emphasis in original) (citations omitted). When seeking a transfer due to hardship, the burden is on defendant to demonstrate, on the record, how trial in plaintiff's chosen forum would prove oppressive and vexatious. *Forman, supra* at 40, 672 A.2d at 1343–44. Additionally, transfer may not be made from the chosen forum based solely upon public concern for the court's backlog. *Id.*

■ This case stems from an accident that occurred in Bristol, Pennsylvania, on March 23, 1993, in which appellant Richard M. Techtmann was allegedly injured when his hand was caught between a truck and the lift gate of a hydraulic lift platform. A thorough review of the record indicates that there are very few connections to Philadelphia County, none of which are significant. First, appellee Roy Howie, the operator of the hydraulic lift on the day of the accident, as well as one of the eyewitnesses to the accident, is a Philadelphia resident. Second, Mr. Techtmann received some of his medical care at a Philadelphia hospital. In addition, several of the defendants regularly conduct business in Philadelphia. However, these factors are not compelling in light of the significant amount of connections that the instant case has with Bucks County.

Mr. Techtmann is a resident of Bucks County and has been for over fifteen years. The accident occurred at the United States Post Office located in Bucks County, where Mr. Techtmann is employed. The hydraulic lift is installed as a fixture at the Post Office in Bucks County, and cannot be removed and transported to Philadelphia County for purposes of trial if that becomes necessary. Although one of the key eyewitnesses resides in Philadelphia, he works in Bucks County. The only other eyewitness to the accident both lives and works in Bucks County. Appellee Modern Handling Equipment, the distributor of the hydraulic lift, has its principal place of business in Bucks County.

Thus, it is evident that Bucks County is the more convenient forum for *both* parties as well as for the witnesses. *See Okkerse, supra* (trial court must find that a transfer is more convenient for both parties to the action or for the witnesses). As such, the petitioners did meet their burden of showing that the case should not be heard in appellants' venue of choice and the trial court did not err in so holding.

Appellants also contend that the appellees failed to meet their burden because they did not include a demonstration on the record of the claimed hardships. Specifically, appellants set forth the proposition that when transferring venue based upon forum non conveniens, the petitioner must establish on the record that it would be oppressive, vexatious and unduly burdensome to litigate the action in the forum of the plaintiff's choice. While this is a correct statement of the law, it is only one prong of the disjunctive forum non conveniens test set out in *Okkerse, supra.*[1] The second prong requires that the trial court weigh and balance the private and public interests involved. The factors that

---

**1.** Appellees concede in their brief that they did not meet prong one of the analysis.

the trial court must consider before ordering a transfer include

> the relative ease of access to sources of proof, availability of compulsory process for attendance of unwilling, and cost of obtaining attendance of willing witnesses; possibility of view of premises, if a view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious, and inexpensive.... The court must also consider those elements in which the public has an interest and those include: problems of creating court congestion and imposing jury duty upon people of a community which has no relation to the litigation; ...

*Okkerse* at 519, 556 A.2d at 832 (quoting *Rini v. N.Y. Central R. Co.*, 429 Pa. 235, 239, 240 A.2d 372, 374 (1968)).

After a careful review of the record, we find that the trial court properly weighed the relevant factors and, therefore, committed no abuse of discretion in transferring the instant case to Bucks County. First, the trial court considered the private interests in the instant case, such as the ease of access to proof, the availability of witnesses, and the possible view of the accident site as sufficient support for a transfer to Bucks County. In weighing the public interest factors, the trial court permissibly considered the imposition of jury duty on a community which has no real relation to the litigation, as well as the very valid concern over court congestion in Philadelphia County. While we recognize that a concern for the backlog in Philadelphia Courts cannot be the sole reason for a transfer, it is a valid consideration when coupled with the compelling private interests associated with the instant case. *Forman, supra* (so long as severe backlog is not the sole reason for transferring a case, it may be another compelling reason why the case should be transferred).

Regarding their concern over appellees' failure to proffer evidence in support of their

petition, appellants cite to *Scola v. AC & S, Inc.*, 540 Pa. 353, 657 A.2d 1234 (1995).[2] However, contrary to appellants' belief, *Scola* does not require a different result.

In *Scola*, the Supreme Court reversed the decision of the Court of Common Pleas of Philadelphia County which transferred twenty-five asbestos cases to neighboring counties based on forum non conveniens. The Court noted that the trial court only considered the large backlog of asbestos cases in Philadelphia, and plaintiffs' residences and locations of asbestos exposure. It further noted that a defendant was required to demonstrate that he would be unduly burdened if trial were to take place in plaintiff's chosen forum and that defendant failed to meet this burden as the record was devoid of any such evidence.

Unlike *Scola*, the trial court in the present case considered *more* than just the severe backlog of cases in Philadelphia County and the plaintiffs' residence. It properly considered a variety of private and public concerns, all of which were extremely compelling. Additionally, we note that *Scola* involved asbestos litigation. Philadelphia County has been overburdened with this type of case and there is the implicit suggestion that perhaps Philadelphia Courts were summarily overreacting to the dimensions of its caseload in these toxic tort cases. The decision in *Scola* represents concern regarding the wholesale transfer of this class of case absent an on-record demonstration that a defendant would be unduly burdened by plaintiff's choice of forum.

We also note that this court's recent en banc decision in *Forman, supra* lends support to the trial court's decision to transfer venue. In *Forman*, the Court of Common Pleas of Philadelphia County transferred a personal injury action to Bucks County based upon the doctrine of forum non conveniens. In affirming the transfer, we noted that:

2. Appellants also rely on *Korn v. Marvin Fives Food Equipment Corp.*, 362 Pa.Super. 559, 524 A.2d 1380 (1987). In *Korn*, we found that the trial court's transfer of venue was an abuse of discretion because the transfer was premised on the mere allegation by the petitioner of convenience of the parties and witnesses involved,

which was in turn denied by the opposing party. Further, we found no discussion of public and private interests in support of a transfer. Thus, despite appellants' contention in the instant case, we did not require formal discovery in support of a petition to transfer venue.

[T]he defendants all maintain offices in Bucks County, the sources of proof are located in Bucks County, the plaintiff resides in Bucks County, the plaintiff's decedent resides in Bucks County, the majority of the prospective witnesses are located in Bucks County, decedent received treatment in a Bucks County hospital regularly, and many of the medical care institutions relevant to this case are located in Bucks County. Most important to this medical malpractice case, however, is the fact that all of the alleged improper medical care was administered to plaintiff's deceased husband in Bucks County.

*Id.* at 41–2, 672 A.2d at 1344. We concluded that absent any compelling connection to Philadelphia County, and in view of the balance of factors in favor of Bucks County, the trial court did not commit an abuse of discretion in transferring the case to Bucks County. We did not find that depositions and further development of the record were necessary where the undisputed facts enabled the trial court to make an appropriate determination. Similar to *Forman*, the undisputed facts in the instant case enabled the trial court to find that Bucks County is the proper venue for litigation.

Having concluded that the balance of factors weighed heavily in favor of Bucks County as the proper forum, we find that the trial court did not abuse its discretion in transferring the instant case from Philadelphia County to Bucks County and affirm its order transferring venue based on the doctrine of forum non conveniens.

Order affirmed.