**Mohr v. Schneider**

C.P. of Lehigh County, no. 97-C-2962.

*Stephen T. Carpentino,* for plaintiff.
*David A. Williams,* for defendant.

BLACK, *J.,* February 24, 1999—This is a medical malpractice case in which plaintiff, Cathy Mohr, has petitioned for a change of venue to Philadelphia County. There is a certain irony in her petition and in the opposition of defendant, Dr. Lawrence Schneider. Plaintiff, a Lehigh County resident, commenced this suit in Lehigh County but now expresses a preference for a Philadelphia venue. On the other hand, defendant opposes a change of venue to Philadelphia, even though (according to his letterhead) his principal office is located there, and even though he performed the surgery at issue there.

Both parties agree that as an original matter, venue in Lehigh County was improper because defendant could not be served here and the alleged injury to plaintiff as well as the acts and/or omissions from which her cause of action arose occurred outside this county. See Pa.R.C.P. 1006(a). Unlike subject matter jurisdiction, however, venue can be waived by the parties. In this case, plaintiff waived any objection to venue in Lehigh County by filing suit here. Defendant waived his right to challenge venue by failing to raise the issue by preliminary objection. See Pa.R.C.P. 1006(e). Therefore, we must consider the petition under the standard set forth in Pa.R.C.P. 1006(d)(1), which authorizes a court to transfer a case to another county where suit could have originally been brought—such as Philadelphia County in this case—"for the convenience of the parties and witnesses."

In the instant case, where the Lehigh County plaintiff wants the case moved to Philadelphia, and the Philadelphia defendant wants the case to remain in Lehigh County, the convenience of the *parties* themselves is not an issue. However, we do believe that the convenience of the non-party witnesses is a significant factor. The principal non-party witnesses are likely to be drawn from the medical and nursing staff at Thomas Jefferson Hospital in Philadelphia, where defendant performed the surgery complained of. Obviously, it would be far more convenient for these non-party witnesses to appear in Philadelphia. Therefore, we believe that plaintiff's motion is meritorious and should be granted. See *Forman v. Rossman,* 449 Pa. Super. 34, 672 A.2d 1341 (1996) (venue transferred in medical malpractice case from Philadelphia to Bucks County, where treatment performed and witnesses resided); *Wills v. Kaschak,* 420 Pa. Super. 540, 617 A.2d 37 (1992) (venue transferred in medical malpractice case from Philadelphia to Bucks County, where treating doctor's office located, relevant witnesses employed, evidence located, and alleged negligence occurred).

Where a *defendant* moves for a change of venue, he has a heavy burden because there is a presumption that the plaintiff has the right to choose the forum. However, in view of the unusual situation here, where it is plaintiff who seeks the change of venue, we have not relied on any artificial presumption in favor of plaintiff; nor have we imposed any special burden on either party. We have instead focused on the location of the non-party witnesses most likely to appear at trial. In this case, those witnesses are located in Philadelphia.

Defendant urges that if venue is to be changed, it should be changed to Montgomery County, where he also has an office. Defendant claims that plaintiff in-

itially saw him at this office. However, defendant has not identified any Montgomery County witnesses who would be likely to testify, and plaintiff's cause of action arose from the surgery in Philadelphia. We believe, therefore, that the most appropriate forum is Philadelphia County, where defendant performed the actual surgery.

Defendant states that the referring physician, Dr. Walter Okunski, has his office in Lehigh County, and that post-surgery therapy was conducted by staff at the Cedar Crest Hand Center located in Lehigh County. However, defendant has not shown that these persons would have a significant role in the case. Their convenience is much less critical than the convenience of those persons who participated in the surgery itself at Thomas Jefferson Hospital in Philadelphia. Moreover, according to plaintiff, her expert witness is from Philadelphia; and Dr. Bryan Neal, who assisted defendant in the surgery, maintains his office in Philadelphia.

Since defendant himself has his principal office in Philadelphia, and since venue is clearly proper there under Pa.R.C.P. 1006(a), we do not believe our transfer of the case to Philadelphia County is prejudicial to defendant in any way. We are also reluctant to keep this case in Lehigh County, where venue was not proper in the first instance. Accordingly, we have granted the petition for change of venue.

## ORDER

Now, February 24, 1999, upon consideration of plaintiff's petition for transfer of venue under Pa.R.C.P. 1006(d)(1) and defendant's response thereto, and for the reasons set forth in the accompanying opinion, it is ordered that said petition be and hereby is granted, and the clerk of courts—civil division shall transfer this case to Philadelphia County.